Nathan SMOTHERMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37231.

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

Court, appellant was, on September 19, 1962, convicted for a felony in the District Court of Hale County.

Execution of sentence was suspended and appellant was placed on probation upon certain terms and conditions; among which were that he commit no offense against the laws of this State.

Thereafter, on February 13, 1964, the Probation Officer filed a motion seeking to have probation revoked alleging that appellant on January 27, 1964, in Hale County, Texas, was convicted of the offense of obtaining things of value with a worthless check, committed on January 23, 1964, and that such conviction was final.

On the hearing, evidence was introduced which supported the allegations of the motion to revoke probation. At the conclusion of the hearing, on February 18, 1964, the court entered its order revoking probation upon a finding that appellant had been convicted of the offense of defrauding with a worthless check in violation of the terms of his probation.

From such order appellant gave notice of appeal.

Appellant contends that the trial court erred in revoking his probation on the ground that the order granting probation was contained in a sentence based upon a void judgment, that is, that the judgment found him guilty of the offense of "forgery and passing", and that the sentence was also void as it adjudged him to be guilty of "forgery and passing" which is an offense unknown to the law of this state.

It is noted on the judgment that the appellant was charged with the offense of forgery and passing. These offenses may be charged in separate counts and prosecuted together to final judgment, without election. Art. 1005, Vernon's Ann. P.C. The judgment and sentence both recite that the conviction is for the offense of "forgery and passing."

Brown & Shuman, by Dean Shuman, Lubbock, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

This is an appeal from an order revoking probation. Upon a plea of guilty before the

In Lovejoy v. State, 40 Tex.Cr.R. 89, 48 S.W. 520, it was held that although forgery and passing a forged instrument are separate offenses, under a general verdict of guilty upon an indictment for the two offenses the court may apply the verdict to the count for forgery, alone.

The judgment introduced shows that the appellant entered a plea of guilty to the charge in the indictment, which was for both making and passing a forged instrument, and his punishment was assessed at four years. The punishment assessed by the jury was a punishment authorized to be applied to either the offense of forgery or passing a forged instrument.

The judgment and sentence, under the decisions of this court, could have been reformed in a proper proceeding so as to adjudge appellant guilty of either offense. Clark v. State, Tex.Cr.App., 289 S.W.2d 248; Reynolds v. State, 163 Tex.Cr.R. 536, 294 S.W.2d 723; Rash v. State, 168 Tex. Cr.R. 33, 323 S.W.2d 53. But, it is essential that the court select a count sustained by the evidence.

Being subject to reformation, the judgment was not void. Ex Parte King, 156 Tex.Cr.R. 231, 240 S.W.2d 777.

It is insisted that the trial court erred in relying on a judgment of conviction for the offense of defrauding with a worthless check as a basis for revoking the probation on the ground that the judgment of conviction was not final.

The judgment of conviction introduced in evidence by the state, appears regular on its face, and shows appellant's conviction for defrauding with a worthless check in the county court of Hale County, Texas, on January 27, 1964., No notice of appeal is shown to have been given. If said conviction was not final, it became a matter of defense subject to proof. Ellis v. State, 134 Tex.Cr.R. 346, 115 S.W.2d 660; Broghton v. State, 148 Tex.Cr.R. 445, 188 S.W.2d 393; Whiddon v. State, 160 Tex.

Cr.R. 23, 266 S.W.2d 167; Woolsey v. State, 166 Tex.Cr.R. 447, 314 S.W.2d 298.

The evidence is sufficient to support the court's order revoking probation and no abuse of discretion being shown, the judgment is affirmed.

Opinion approved by the Court.