James **WRIGHT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49756.

Court of Criminal Appeals of Texas.

May 28, 1975.

Rehearing Denied June 18, 1975.

William T. Wilson, Temple, for appellant.

Joe Carroll, Dist. Atty., and Paul R. Reagan, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a revocation of probation.

On March 9, 1972, appellant was convicted of sale of marihuana, punishment was assessed at ten years, and appellant was placed on probation. After being on probation for over two years, probation was revoked and punishment was reduced to seven years.

The State alleged three violations of probation and the court revoked probation after finding appellant had committed each of the three violations. Appellant in his three grounds of error asserts the trial court abused its discretion in each finding of a violation because the evidence was insufficient. If there was sufficient evidence to support any one of the three violations, the trial court did not abuse its discretion and the order revoking probation will be affirmed.

The first ground alleged, and upon which probation was revoked, was:

"The defendant, James Wright, violated condition no. 1 of the said probation in that he violated the law of this state, to-wit: on the 13th day of January, 1973, he committed the offense of swindling by worthless check by giving his check on The Peoples National Bank in the amount of $17.17 to H. E. Butt Food Store #71, Inc. a corporation, with intent to defraud, knowing that he did not have sufficient funds on deposit in said bank to pay the check and that the said defendant was convicted for the above offense in Cause no. C73–1082C on the docket of the County Court-at-law of Bell County, Texas, on the 4th day of April, 1973."

As evidence to support this allegation the State introduced papers from cause C73–1082C, including the judgment of conviction, and official copies of state records bearing appellant's name, address, signature and photograph, for the asserted purpose of showing the identity of appellant as the same person convicted in cause C73–1082C. This documentary evidence, however, has not been brought forward in the record on appeal sent to this Court.

Because such documents are not as a matter of law insufficient to show a violation of the terms of probation, but to the contrary may have been sufficient (see McClure v. State, Tex.Cr.App., 496 S.W.2d 588; Bennett v. State, Tex.Cr.App., 476 S.W.2d 281; Johnson v. State, Tex.Cr.App., 410 S.W.2d 785; Smothermon v. State, Tex.Cr.App., 383 S.W.2d 929), appellant's failure to secure their presentation for review by this Court precludes us from any finding but that the evidence was sufficient. Accordingly, the trial court did not abuse its discretion in finding that appellant violated the terms of his probation by committing an offense against the laws of this State.

The order of revocation is affirmed.

ONION, Presiding Judge (dissenting).

While appellant should have seen that the exhibits were included in the record, I cannot agree that the record, as it now appears, supports the revocation order. It does not show that the appellant committed the offense as alleged in the motion to revoke probation. The State offered no proof showing the commission of the alleged offense, but relied only upon instruments reflecting a conviction. At the commencement of the revocation hearing, the State introduced the complaint, information, waiver of rights and "judgment of conviction" in Cause #C–73–1082–C with the prosecutor stating, "This conviction was of James D. Wright, address Route 1, Box 200, Belton, Texas." Whether this was the prosecutor's unsworn testimony or whether reference was made to something in the instruments referred to above is not clear. If there was a sentence in Cause #C–73–1082–C, it does not appear to have been offered.[1] The State also offered a certified copy of an operator's license from the Department of Public Safety, along with a photograph. The prosecutor stated it was the driver's license of James Darwin Wright, Route 1, Box 200, Belton, Texas. The prosecutor stated the court could compare the photograph with the individual "on trial" and noted that the exhibit containing the papers of the conviction and the operator's license had the same name and address. The court was further asked to compare signatures on papers in both exhibits and subsequently was asked to compare these signatures with the one on the order granting probation in the instant case under the provisions of Article 38.27, Vernon's Ann.C.C.P.

Appellant in his argument to the trial court stated that there was no evidence offered to prove the appellant was the man actually convicted as alleged and no evidence had been offered as to the commission of the offense.

The court, in revoking probation, stated the name and address were the same on the first two exhibits, the signatures had been compared and appeared to be the same, the photograph appeared to be that of the appellant.

We have continuously reiterated our caution to trial judges as to the inadvisability of relying exclusively upon evidence of a conviction to support a violation of a probationary condition prohibiting the commission of a penal offense. Spencer v. State, 503 S.W.2d 557 (Tex.Cr.App.1974); Cannon v. State, 479 S.W.2d 317 (Tex.Cr.App.1972); Mason v. State, 438 S.W.2d 556 (Tex.Cr.App.1969); Scott v. State, 516 S.W.2d 196 (Tex.Cr.App.1974). See also Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971). Cf. Harris v. State, 169 Tex.Cr.R. 71, 331 S.W.2d 941 (1960). A review of the above cases will indicate some of the inherent problems in relying solely upon proof of a *conviction* to reflect the *commission* of an offense, which is the normal probationary condition imposed and alleged violated, and as was true in the instant case. This court's admonitions are not always heeded, thus presenting continuing problems.

In the instant case the court stated the photograph on the operator's license exhibit appeared to be that of the appellant, but this did not prove that the appellant was one and the same person convicted in Cause #C–73–1082–C. The only relation between the operator's license exhibit and the exhibit concerning the papers of Cause #C–73–1082–C was the similarity in name and apparent address.

In Elizalde v. State, 507 S.W.2d 749 (Tex.Cr.App.1974), this court wrote:

"The State also argues that since the prison packet of the proceedings of the prior trial was admitted in evidence without objection, appellant cannot complain of its contents, and no further proof of identity was necessary. The pris-

---

1. It is provided under Article 567b, Sec. 4(a), Vernon's Ann.P.C., as amended, that even a first conviction under the statute would carry possible jail imprisonment as a penalty.

Hence, a sentence in this misdemeanor case would be required before it would be a final conviction. See Article 42.02, Vernon's Ann. C.C.P.

on packet was admitted as proof of a prior conviction of the defendant named therein. It is not evidence that, although the name is the same, the defendant there named is the appellant in the instant case. Cain v. State, Tex.Cr.App., 468 S.W.2d 856; Vessels v. State, Tex. Cr.App., 432 S.W.2d 108, 116. The State had the burden of proving that the two defendants were the same person."

Cain v. State, 468 S.W.2d 856, 859 (Tex.Cr.App.1971), held that where handwriting samples are introduced without expert testimony and the jury alone must make the comparison and there is no other evidence to connect the defendant with a prior conviction such identity has not been sufficiently established. The same rule applies where the Judge is the trier of the facts.

In Cain v. State, supra, the court wrote:

"We cannot construe Art. 38.27 as meaning that mere introduction of a sample of the accused's signature, coupled with introduction of a signature on records showing a prior conviction, will suffice as independent testimony to prove the identity of the appellant as the person who was so previously convicted."

Thus, it is clear that if exhibits were before us and were in perfect order and shape [2] revocation could not have been affirmed upon the ground of a showing that appellant had committed a penal offense during the probationary period in light of the evidence offered to prove his identity as the person who was so previously convicted.

The majority opinion states that the documents offered (but not brought forward on appeal) "are not as a matter of law insufficient to show a violation of the terms of probation, but to the contrary may have been sufficient," citing cases. This is a misleading statement and is one I am sure the majority did not intend to make. I find no cases that hold that documentary evidence of a prior conviction, *standing alone,* is sufficient to prove up the prior conviction without some admissible form of independent evidence to prove the identity of the accused as the person so previously convicted. In McClure v. State, 496 S.W.2d 588 (Tex.Cr.App.1973), cited by the majority in support of its statement, there was, in addition to the certified copies of the judgment and sentence of a prior conviction, the testimony of an assistant district attorney who was in the courtroom when the accused was convicted of the prior offense. In Bennett v. State, 476 S.W.2d 281 (Tex.Cr.App.1972), also cited by the majority, the defendant testified as to his prior conviction and the State introduced record evidence of the prior Oklahoma conviction. In Johnson v. State, 410 S.W.2d 785 (Tex.Cr.App.1967), in addition to the judgment and sentence of the prior California conviction, there was among the duly authenticated records from California reflecting the conviction a picture of the defendant plus a physical description, including tattoos and missing fingers, and the court concluded the trial court could look at the defendant and conclude he was the same person who had been convicted in California. *Johnson,* also cited by the majority,

---

2. The revocation motion *alleged* the violation of a penal law (the giving of a worthless check of $17.17) occurred "on the 13th day of January, 1973." Such allegation does not prove itself. If the complaint and information in Cause #C–73–1082–C in the alleged conviction, which are not in the record before us, alleged "on or about the 13th day of January, 1973" and there is no finding in the judgment just when the offense was committed, there may be a question of whether a showing has been made that the offense occurred during the probationary period. See Mason v.

State, 438 S.W.2d 556 (Tex.Cr.App.1969). The State is not bound by the "on or about" date alleged in the information, but may prove the offense occurred on some date any time prior to the return of the indictment that is within the period of limitations. Article 21.21 (6), Vernon's Ann.C.C.P. See also Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383 (1960). Although appellant was placed on probation on March 9, 1972, the statute of limitations for misdemeanors on the dates in question was two years. See Article 12.05, Vernon's Ann.C.C.P., 1965.

presents a close question, but is distinguishable from the instant case in that the photograph here involved was not part of the record evidence of the conviction.

In Smothermon v. State, 383 S.W.2d 929 (Tex.Cr.App.1964), the last case cited by the majority, the question was not whether the judgment of the prior conviction, standing alone, was sufficient to show the conviction, but whether the evidence reflected it was a final conviction.

For the reasons stated, I cannot agree to the affirmance of this judgment upon the ground decided by the majority. I have examined the record as to the other two alleged violations of probation upon which the trial court based its revocation order and find them equally untenable, and I understand why the majority did not choose to discuss the same.

I dissent.

ROBERTS, J., joins in this dissent.