TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00604-CR







Harold Dean Willis, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 91-274, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING








 Appellant Harold Dean Willis appeals from an order revoking his community
supervision. On July 23, 1992, appellant was convicted in Caldwell County of the offense of theft
and placed on community supervision for ten years. On September 29, 1998, the trial court found
that appellant had violated a condition of community supervision and ordered revocation, but
"modif[ied] the sentence to two years confinement." In one of several points of error, appellant
asserts that the trial court abused its discretion in revoking his community supervision because the
evidence is insufficient to support the revocation order. We agree; therefore, we will reverse the
revocation order and remand the cause to the trial court.

 Appellate review of an order revoking community supervision is limited to
determining whether a trial court abused its discretion. See Cardona v. State, 665 S.W.2d 492,
493 (Tex. Crim. App. 1984); Campbell v. State, 427 S.W.2d 621, 622 (Tex. Crim. App. 1968);
Lee v. State, 952 S.W.2d 894, 897 (Tex. App.--Dallas 1997, no pet.). An abuse of discretion
occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within
which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim.
App. 1992). The State's burden of proof in a revocation proceeding is by a preponderance of the
evidence. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Scamardo v. State,
517 S.W.2d 293, 298 (Tex. Crim. App. 1975). Inadmissible hearsay admitted without objection
shall not be denied probative value merely because it is hearsay. Tex. R. Evid. 802. An appellate
court views the evidence presented in a revocation proceeding in the light most favorable to the
trial court's ruling. See Garrett v. State, 619 S.W.2d. 172, 174 (Tex. Crim. App. 1981); Lee,
952 S.W.2d at 897. Regardless of the reasons given by the trial court for revoking community
supervision, if evidence supports the court's decision it will not be disturbed on appeal. Jackson
v. State, 508 S.W.2d 89, 90 (Tex. Crim. App. 1974).

 In its revocation order and judgment imposing sentence, the trial court found
that:  "Defendant violated the terms and conditions of community supervision, in the manner
alleged by the Motion to Revoke Community Supervision filed by the State." The State's motion
to revoke alleged that:


 Further, the State would show that the Court Ordered the defendant herein
to abide by certain conditions of community supervision during the term of
community supervision and among the conditions ordered by the Court were the
following:


1) Obey all orders of the Court and the Community Supervision Officer.


2) Commit no offense against the laws of this State or of any other State or of
the United States.


 The State would further show to the Court that the said Defendant, during
the period of Community Supervision, violated the terms and conditions of
Community Supervision as follows:


1) The defendant, Harold Dean Willis, on or about the 18th day of March,
1997 in Brazos County, Texas did then and there intentionally, knowingly,
and unlawfully appropriate property by acquiring and otherwise exercising
control over property, other than real property, to-wit:  fish hooks of the
value of $1,500.00 or more but less than $20,000.00, from SNL
Corporation, without the effective consent of Marc Snell, the owner
thereof, and with intent to deprive said owner of said property.



 The State's proof offered in support of the motion to revoke was primarily a
judgment contained in Exhibit 2, a pen packet. The judgment in the pen packet showed that on
April 30, 1992, Harold Dean Willis was convicted of felony theft in cause number 20,893-272 in
the 272nd District Court of Brazos County and was placed on community supervision for ten
years; thereafter appellant's community supervision in cause number 20,893-272 was revoked in
Brazos County on July 18, 1997. That order recites that:


On July 18, 1997, the Defendant appeared in open court in person and by his
attorney BRUNO SHIMEK, and the State appeared by her Assistant District
Attorney. The Court, after hearing and considering the Defendant's Plea to the
Second Amended Motion to Revoke Probation and the evidence offered by both the
State and the Defendant, found that the Defendant violated the terms and conditions
of his probation as follows:


Condition (1):  (Commit no offense against the laws of the State or any other State
or of the United States or of any governmental entity; and report to your
community supervision officer within 48 hours if arrested or questioned by a law
enforcement officer); in that the defendant, HAROLD DEAN WILLIS, on or about
March 18, 1997, then and there intentionally appropriated, by acquiring and
otherwise exercising control over, property, to wit:  fish hooks of the value of
$1500 or more but less than $20,000 from the owner, Marc Snell, SNI Corporation
without the effective consent of the owner and with intent to deprive the owner of
the property, . . .



 We must determine whether this evidence was sufficient to support the revocation
order in this case in Caldwell County. Commentators have said that:


Community supervision conditions always provide that the defendant is to "commit
no offense against the laws of this State or of any other State or of the United
States." Proof of a violation of that condition requires proof the defendant engaged
in criminal conduct during the period of community supervision.


There are three ways in which the State may seek to prove the defendant engaged
in criminal conduct during the community supervision period--(1) direct proof in
the revocation hearing; (2) using a judgment of conviction; or (3) using evidence
from a criminal trial.



42 George E. Dix & Robert O. Dawson, Criminal Practice and Procedure, § 40.86 (Texas
Practice 1995) (footnotes omitted). In this case the State did not use any of the three ways to
prove its revocation allegation. The Brazos County judgment was for an offense that was
committed before appellant was placed on community supervision in this case in Caldwell County. 
The State relies upon the recitation in the Brazos County order revoking community supervision. 
In the trial court, the prosecutor aptly and succinctly summarized, saying that: "The evidence
before this court establishes that another judicial tribunal has affirmatively found, based on the
evidence presented, that the allegation contained in this motion to revoke is true." On appeal, the
State declares:  "Judicial findings found in conviction records can be sufficient to sustain the
decision of the trial court revoking probation of the accused, pursuant to the preponderance
standard of proof. Battle v. State, supra, [571 S.W.2d 20 (Tex. Crim. App. 1978)] and Wright
v. State, 523 S.W.2d 704, 705 (Tex. Crim. App. 1975)." The Battle opinion does not relate to
documentary or record proof; it repeats the preponderance of evidence standard applicable to
revocation proceedings.

 In Wright, the court stated:  "Because such documents [which were not included
in the record] are not as a matter of law insufficient to show a violation of the terms of probation,
but to the contrary may have been sufficient (see McClure v. State, Tex. Cr. App., 496 S.W.2d
588; Bennett v. State, Tex. Cr. App., 476 S.W.2d 281; Johnson v. State, Tex. Cr. App. 410
S.W.2d 785; Smotherman v. State, Tex. Cr. App., 383 S.W.2d 929), appellant's failure to secure
their presentation for review by this Court precludes us from any finding but that the evidence was
sufficient." Wright, 523 S.W.2d at 705.

 The four cases cited in Wright are all distinguishable from the instant case and
would not support the State's contention in the instant case. We have found no case in which a
revocation order has been upheld when that order is supported by no evidence other than the
recitations in a revocation order entered by another judge, in another county, in another case, and
where the defendant was represented by different counsel. We hold that the evidence contained
in State's Exhibit 2 is insufficient to support the revocation order.

 The State, in part, relies on another document admitted in evidence. The Director
of the Caldwell County Community Supervision and Corrections Department testified and was the
sponsoring witness of State's Exhibit 3. Exhibit 3 includes a document entitled "Violation
Notice/Report Narrative." The narrative report reads:

VIOLATION NOTICE/REPORT NARRATIVE



SENTENCING JUDGE: Honorable Fred A. Moore


CONDITION(S) VIOLATED (BY #): #2


RESPONSE TO PROBATION (Summary of defendant's behavior on community
supervision and the sanctions used):


The defendant has had trouble complying with his conditions of probation. The
defendant has been supervised in Brazos County since being probated. The
defendant was brought back before the court on a Notice to Show Cause on
06-09-94 for failure to pay. A new payment plan was worked out for the
defendant.


A Motion to Revoke was filed on 02-01-95 due to the defendant not complying
with that new payment plan. He was continued with a condition for the Bastrop
County Restitution Center on 06-04-96. He entered the restitution center on
07-22-97 and completed the program successfully on 01-16-97 [sic].


The defendant was again being supervised by Brazos County CSCD when he
committed an additional felony offense. The defendant ordered $4,429.00 worth
of fishing hooks. He asked the company he ordered them from to send them COD,
but only put the COD on one box. He signed for all the boxes except for the one
that held the receipt. The total amount of the stolen property was $3,732.21.


RECOMMENDATION NARRATIVE:


This department recommends a motion to revoke community supervision be filed
and the defendant be revoked from community supervision.



 At trial the State contended and now on appeal contends that the narrative report
was admissible as a record of regularly conducted activity. See Tex. R. Evid. 803(6). The
sponsoring witness testified that he had no personal knowledge that appellant had stolen the fish
hooks. When Exhibit 3 was offered in evidence, appellant objected that no one in the "probation
department had direct knowledge of whether [appellant] stole the fish hooks" and that it was an
"allegation which is hearsay." "[D]ocuments inadmissible under 803(8)(B) may not be admitted
under 803(6)." Cole v. State, 839 S.W.2d 798, 811 (Tex. Crim. App. 1990); see also Garcia v.
State, 868 S.W.2d 337, 340-41 (Tex. Crim. App. 1993). Furthermore, it is apparent that Exhibit
3 was prepared in view of future litigation, and therefore, a lack of trustworthiness is indicated. 
See Tex. R. Evid. 803(6), (8). Moreover, "Inadmissible hearsay testimony does not become
admissible simply because it is contained within an admissible document or transcript." Jones v.
State, 843 S.W.2d 487, 492 (Tex. Crim. App. 1992); Tex. R. Evid. 805.

 We hold that the trial court's revocation order is not supported by the evidence. 
Therefore, we reverse the revocation order and remand the cause to the trial court.



 

 Carl E. F. Dally, Justice

Before Justices Jones, B. A. Smith and Dally*

Reversed and Remanded

Filed: June 30, 1999

Publish





* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



nt-family: CG Times Regular" STYLE="font-size: 11pt">VIOLATION NOTICE/REPORT NARRATIVE



SENTENCING JUDGE: Honorable Fred A. Moore


CONDITION(S) VIOLATED (BY #): #2


RESPONSE TO PROBATION (Summary of defendant's behavior on community
supervision and the sanctions used):


The defendant has had trouble complying with his conditions of probation. The
defendant has been supervised in Brazos County since being probated. The
defendant was brought back before the court on a Notice to Show Cause on
06-09-94 for failure to pay. A new payment plan was worked out for the
defendant.


A Motion to Revoke was filed on 02-01-95 due to the defendant not complying
with that new payment plan. He was continued with a condition for the Bastrop
County Restitution Center on 06-04-96. He entered the restitution center on
07-22-97 and completed the program successfully on 01-16-97 [sic].


The defendant was again being supervised by Brazos County CSCD when he
committed an additional felony offense. The defendant ordered $4,429.00 worth
of fishing hooks. He asked the company he ordered them from to send them COD,
but only put the COD on one box. He signed for all the boxes except for the one
that held the receipt. The total amount of the stolen property was $3,732.21.


RECOMMENDATION NARRATIVE:


This department recommends a motion to revoke community supervision be filed
and the defendant be revoked from community supervision.



 At trial the State contended and now on appeal contends that the narrative report
was admissible as a record of regularly conducted activity. See Tex. R. Evid. 803(6). The
sponsoring witness testified that he had