Jerry L. JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 40006.

Court of Criminal Appeals of Texas.

Jan. 11, 1967.

Rehearing Denied Feb. 15, 1967.

---

Billy Hall, Littlefield, for appellant.

William Hunter, Dist. Atty., Dalhart, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation. Appellant was originally convicted in the District Court of Oldham County for the offense of robbery by assault and sentenced to five years. Such sentence was probated, and thereafter, within the term of probation, appellant was convicted of the offense of burglary in Los Angeles County, California. Upon the completion of his term of confinement in California, appellant was returned to Oldham County, where his probation was revoked.

Appellant contends upon four grounds that the trial court abused his discretion in revoking probation:

1. No sworn application for revocation was filed in Oldham County. Reliance is had upon Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449, and McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748. While this Court did call attention to the fact that petition to revoke probation in Pollard was not sworn to by the prosecutor, we have concluded that the fundamental grounds for the reversal of that case was that the application was couched in such general terms as to give the probationer no notice of what terms of his probation he was charged with having violated.

In the case at bar the State introduced the affidavit of the Sheriff of Oldham County executed prior to the hearing on revocation, in which he swears that appellant was convicted of the offense of burglary on the 15th day of October, 1965, in the Superior Court, Department South E, Long Beach, California, and that he was then confined in Los Angeles County.

In McBee, supra, the state's motion to revoke probation, filed during the probationary period, alleged the commission of one offense, while the proof showed another offense. In the case at bar the offense set forth in the Sheriff's affidavit and in the District Attorney's motion to revoke probation both alleged the California burglary conviction, and the judgment of the California Court found appellant guilty of burglary.

An examination of Section 8 of Article 42.12, Vernon's Ann.C.C.P., fails to reveal any requirement that there be an application for revocation or that if one is made that it be sworn to by the prosecuting official. The application for revocation in the case at bar is similar to Form #2809, Willson's Criminal Forms, 7th Edition.

2. No order had been entered setting the hearing on the application to revoke. The record before us reveals that

the Court inquired of appellant as to his identity, informed him of the nature of the hearing and then inquired, "Are you ready to be heard?", whereupon appellant's counsel replied, "We are ready, Your Honor." We have concluded that appellant may not be heard to complain on appeal when he indicated his willingness to proceed at the time of the hearing.

 3. The Court erred in permitting the introduction into evidence of the extradition papers, because they had not been filed with the clerk or delivered to appellant prior to the hearing. Reliance is had upon the terms of Article 51.13, Sec. 3, V.A.C.C.P., and Article 3731a, Sec. 3, Vernon's Ann.Civ.St. This is not an extradition proceeding, and therefore Article 51.-13, supra, can have no application. Article 3731a, Sec. 3, supra, provides that copies of the papers be delivered to the adverse party a reasonable time before trial, unless in the opinion of the trial court the adverse party has not been unfairly surprised by the failure to deliver such copies. Appellant in no way indicated that he was surprised at the introduction of the extradition papers, nor did he ask for a postponement. We find in this record that the Sheriff testified that he attended a hearing in California at which time the appellant was turned over to him, as well as the State's motion to revoke probation, among other papers, including the Sheriff's affidavit described above. This fact further rebuts any contention that appellant was surprised. See Foster v. Texas Department of Public Safety, Tex.Civ.App., 398 S.W.2d 836.

4. The State failed to prove that appellant was the same person who had been convicted in California. Duly authenticated records from California were introduced, among which was a picture of appellant, plus a physical description, including tatoos and missing fingers, as well as a recitation of appellant's burglary conviction in that state. Clearly this was sufficient information to enable the Court to look at the appellant before him and conclude that he was the same person who had been convicted in California.

Finding no abuse of discretion on the part of the trial court in revoking appellant's probation, the judgment is affirmed.