**Craig P. SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49405.**

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Delmar L. Cain, Austin, for appellant.

Robert O. Smith, Dist. Atty. and Charles Craig, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. On December 14, 1972, the appellant was convicted on his plea of guilty for the offense of attempting to pass a forged instrument. The court assessed his punishment at imprisonment for two years and placed him on probation. On December 12, 1973, a motion to revoke probation was filed which alleged that the appellant had committed the offense of burglary on December 7, 1973, in violation of the terms of probation that he commit no offense against the laws of this state. Probation was revoked, and the appellant was sentenced on January 31, 1974.

On the hearing on the motion the appellant pleaded "true" to the allegations in the motion to revoke and made a judicial confession that he had committed the burglary as alleged in the motion to revoke.

The appellant urges that the court abused its discretion in revoking probation because the state failed to allege and prove that he was still on probation when he committed the burglary alleged as a ground for revocation. He relies upon Taylor v. State, 172 Tex.Cr.R. 45, 353 S.W.2d 422 (1962), and Mason v. State, 438 S.W.2d 556 (Tex.Cr.App.1969).

In *Taylor* and *Mason* the state unwisely relied upon convictions to show a violation of the conditions of probation. These cases were reversed because the state proved only the date of the convictions and did not prove the date on which these offenses had been committed. This Court could not determine from those records whether the offenses had been committed before or after probation had been granted. In this case the state did not rely upon a conviction for revocation, but alleged and proved that the burglary relied upon for revocation was committed on December 7, 1973.

Appellant argues that since Art. 42.12, Sec. 7, Vernon's Ann.C.C.P., permits the court to terminate probation after one-third of the original probationary period has been satisfactorily completed it is possible the appellant's probation had been terminated before the alleged date of the commission of the burglary.

If probation has been terminated prior to the completion of the original probationary period and prior to the time of the alleged violation of the condition of probation it is a defense which the defendant may prove. The appellant's position is analogous to that of a defendant who asserts that a prior conviction alleged for purpose of the enhancement of punishment is not a final conviction. In those circumstances it has been held that it is the defendant's burden to show that the conviction has been set aside, is still on appeal, or for some other reason is not final. See Gould v. State, 66 Tex.Cr.R. 122, 146 S.W. 172 (1912); Arnold v. State, 127 Tex.Cr.R. 89, 74 S.W.2d 997 (1934); Newsom v. State, 136 Tex.Cr.R. 114, 123 S.W.2d 887 (1938); Malone v. State, 466 S.W.2d 310 (Tex.Cr. App.1971).

We find that the trial court did not abuse its discretion in revoking probation and affirm the judgment.

Opinion approved by the Court.