**Clifton Wayne LONG, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60979.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 28, 1979.

O. T. Beaty, Whitney, for appellant.

Neal T. Jones, Jr., Dist. Atty., Hillsboro, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from an order revoking probation.

On October 29, 1975, the appellant pled guilty to the offense of aggravated assault. The imposition of the sentence was suspended and appellant was placed on probation for a period of five years.

On June 2, 1978, probation was revoked and sentence imposed after the court found that the appellant had violated a condition of probation when he had been convicted for the misdemeanor offense of theft of property of the value of $20.00 or more but less than $200.00. The court's order revoking probation relied exclusively on the theft conviction as showing a violation of the terms of probation sufficient to support revocation.

The practice of relying solely on a conviction to establish the commission of an offense for revocation purposes has been criticized many times by this Court. *Ross v. State*, Tex.Cr.App., 523 S.W.2d 402. We have continuously reiterated our caution to trial judges, prosecutors, and probation officers as to the inadvisability of relying exclusively upon evidence of a conviction to support a violation of a probationary condition prohibiting the commission of a penal offense. *Spencer v. State*, Tex.Cr.App., 503 S.W.2d 557; *Cannon v. State*, Tex.Cr.App., 479 S.W.2d 317; *Mason v. State*, Tex.Cr. App., 438 S.W.2d 556; *Scott v. State*, Tex. Cr.App., 516 S.W.2d 196. See also *Jansson v. State*, Tex.Cr.App., 473 S.W.2d 40. Cf. *Harris v. State*, Tex.Cr.App., 331 S.W.2d 941. A review of the above cases will indicate some of the inherent problems in relying solely upon proof of a *conviction* to reflect the *commission* of an offense, which is the normal probationary condition imposed and alleged violated, and as was true in the instant case.

Appellant's sole ground of error alleges that the State did not adequately prove that the appellant was the same Clifton Wayne Long that was convicted for the offense of misdemeanor theft in 1978.

The State's evidence consisted first of testimony by Mr. Harold Wardlow who was appellant's original probation officer after his conviction for aggravated assault. Through Mr. Wardlow's testimony, State's Exhibit No. 1—appellant's adult probation file in Cause No. 26,318—was admitted into evidence. This file, which also included a photograph of the defendant, also contained a contact sheet filled out by Wardlow, containing appellant's date of birth, driver's license number, and current address.

The State then sought to introduce Exhibit No. 2, which was a Dallas County Sheriff's Office booking sheet, dated February 23, 1978. This booking sheet was admitted solely for the purpose of showing the birthdate and driver's license number of the appellant. The booking sheet was admitted into evidence over the objection of appellant's counsel in that it violated the hearsay rule. The booking sheet contained no certification that it was a true and correct copy, it bore no signature, and witness Wardlow testified that he did not have anything to do with the preparation of that document, nor was he present when it was prepared.

The State then introduced Exhibit No. 3, which was a certified copy of the judgment and sentence of the appellant for the offense of misdemeanor theft.

Appellant claims that the booking sheet should not have been admitted into evidence because it violated the hearsay rule, and that using it to verify the appellant's name, driver's license number, and address on his probation information sheet and then using it to show that the judgment and sentence were the end result of the arrest from which the booking sheet was made was insufficient to prove the appellant was the same person who was convicted of the misdemeanor offense of theft during his term of probation. We agree.

We first hold that appellant's objection at the trial that the booking sheet from the Dallas County Sheriff's Office constituted hearsay was a sufficient objection to preserve error that the booking sheet did not meet the requirements of Article 3731a, V.A.C.S. Because of the lack of authentication of the booking sheet, the contents therein constituted hearsay and should not have been admitted for any purpose. Hearsay is not admissible in a probation revocation proceeding. *Maden v. State*, Tex.Cr.App., 542 S.W.2d 189.

Thus, without the connecting link of the booking sheet which showed the same name, driver's license number, and birthdate as those on the probationer information sheet, there is no proof that the judgment and sentence of conviction for the misdemeanor offense of theft related to the same person who was on probation at the time.[1] Further, we find that in the instant case the documentary evidence of the prior conviction, standing alone, was insufficient to prove up the prior conviction without some admissible form of independent evidence to prove the identity of the accused as the person so previously convicted.

---

1. We express doubt as to whether the evidence would have been sufficient to prove that appellant was the same person convicted of the misdemeanor theft even had the booking sheet been admissible. It has been held that the evidence is sufficient in a probation revocation proceeding to prove that the accused is the same person named in the record in question where that record contains photographs and a detailed physical description of a named person and the accused is present in court for the fact finder to compare his appearance with that person described in the record. In *Johnson v. State*, Tex.Cr.App., 410 S.W.2d 785, in addition to the judgment and sentence of the prior California conviction, there was among the duly authenticated records from California reflecting the conviction a picture of the defendant plus a physical description, including tattoos and missing fingers, and the Court concluded that the trial court could look at the defendant and conclude he was the same person who had been convicted in California. *Johnson*, supra, presents a close question, but is distinguishable from the instant case in that the photograph here involved was not part of the record evidence of the conviction but was included in the probation file relating to the offense for which appellant was originally convicted.

In *Cain v. State*, Tex.Cr.App., 468 S.W.2d 856, it was stated:

This Court has approved several different means to prove the accused was the same person previously convicted. They include, but are not necessarily limited to: (1) Testimony of a witness who identifies the accused as the same person previously convicted. *Garcia v. State*, 135 Tex.Cr.R. 667, 122 S.W.2d 631; *Brumfield v. State*, Tex.Cr.App., 445 S.W.2d 732; (2) Introduction of certified copies of the judgment and sentence and records of the Texas Department of Corrections or a county jail including fingerprints of the defendant, supported by expert testimony identifying them as identical with known prints of the defendant. *Vessels v. State*, 432 S.W.2d 108; (3) And by stipulation or judicial admission of the defendant. *Brumfield v. State*, supra.

Although admittedly the trial court in revoking appellant's probation was not necessarily limited to the three avenues pointed out in *Cain*, supra, however, no other admissible evidence exists in the record identifying the appellant as the same person convicted of misdemeanor theft. In *McClure v. State*, Tex.Cr.App., 496 S.W.2d 588, there was, in addition to the certified copies of the judgment and sentence of a prior conviction, the testimony of an assistant district attorney who was in the courtroom when the accused was convicted of the prior offense. In *Bennett v. State*, Tex.Cr.App., 476 S.W.2d 281, the defendant testified as to his prior conviction and the State introduced record evidence of the prior Oklahoma conviction.

We once again caution trial judges about the difficulties inherent in relying exclusively upon evidence of a conviction to support revocation based on the probationary condition prohibiting the commission of a penal offense. We find in the instant case that the evidence was not sufficient to prove that the appellant, who had been placed on probation on the condition that he commit no offense against the law and his probation was revoked for a subsequent misdemeanor conviction, was the same person who had been convicted of the misdemeanor offense of theft during the term of his probation.

The judgment is reversed and the cause remanded.

ODOM, J., concurs in the result.

W. C. DAVIS, Judge, concurring.

While I concur in the reversal of this judgment, I do so for a different reason than that of the majority. The majority opinion states that appellant's objection at trial to the introduction of the booking sheet was sufficient to preserve error as to hearsay admitted. I cannot agree that his objection at trial was a hearsay objection. Appellant's sole objection was,

"We'll object to State's Exhibit Number Two on the grounds that the witness was not personally present when the document was prepared, nor does the instrument contain any certification that it is a true and correct copy, and bears no signature at all."

I cannot agree with the majority that this objection can be construed as an objection to hearsay. Thus, I would hold that this objection was insufficient to apprise the trial court that appellant's objection was to hearsay evidence. See *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977).

Nevertheless, it appears that the judgment should be reversed for the reason that the evidence is insufficient to show that appellant was the same person convicted of misdemeanor theft. The booking sheet was used as the connecting link. However, when the booking sheet was admitted into evidence, it was offered solely to show the birthdate and license number. The court stated,

"It will be admitted solely for that purpose and nothing else."

Since the evidence was admitted for this limited purpose before the trial court, nothing else contained on the booking sheet may be considered. This, standing alone, appears to be insufficient to show that appellant was the person convicted of misdemeanor theft, upon which the State relied to revoke appellant's probation.

I concur in the reversal of this judgment.