OPINION
DUNN, Justice.
This is an appeal from a conviction for aggravated robbery. After finding each of the two enhancement paragraphs of the indictment to be true, the jury assessed appellant’s punishment at life imprisonment.
In three grounds of error, appellant complains of the admission of indicia of a 1974 Louisiana conviction, offered by the State at the punishment phase of trial for the enhancement of his punishment.
The first ground of error contends that the trial court erred in holding that the evidence was sufficient to support proof of the prior Louisiana conviction.
Appellant recognizes that the Court of Criminal Appeals has approved several different means by which it may be proved that a defendant is the same person previously convicted. They include: (1) testimony of a witness who personally knows the defendant and the fact of his prior conviction and identifies him; (2) stipulation or judicial admission of the defendant that he has been so convicted; (3) introduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail including fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant; and (4) comparison by the fact finder of a record of conviction that contains photographs and a detailed physical description of the named person, with the appearance of the defendant, present in court. Daniel v. State, 585 S.W.2d 688, 690-91 (Tex.Crim.App.1979).
Appellant contends that the State failed in its attempt to prove the prior conviction by the third method, because no judgment and sentence in the alleged Louisiana conviction in cause no. 36,139 were produced. However, we find that the State successfully used the fourth method to prove that appellant was the same person previously convicted of a felony in Louisiana, because the Louisiana penitentiary packet contains a record of his conviction along with photographs and a detailed physical description of appellant that the jury could compare with his appearance in court.
The enhancement paragraph in issue reads as follows:
Before the commission of the offense alleged above (hereinafter styled the primary offense), on April 25, 1974, in Cause No. 36,139, in the 4th Judicial District Court of Quachita, Louisiana, the defendant was convicted of the felony of accessory after the fact.
The jury had before it appellant’s inmate prison record from the Louisiana State Penitentiary, which recited that Roy Fonte-not had been convicted of the offense of accessory after the fact in Ouachita [sic] Parish, Louisiana, in cause no. 36,139, on April 25, 1974, and that he had been sentenced to two-and-one-half years imprisonment. Included in the penitentiary papers were front and profile photographs of R.L. Fontenot and a fingerprint card that provided a detailed physical description of Roy L. Fontenot. Further, expert testimony identified the fingerprints on the card as those of appellant. The photographs and fingerprint card both referenced no. 77328, which was the number assigned to Roy Fontenot on the inmate prison record of cause no. 36,139.
Long before the decision in Daniel, the Court of Criminal Appeals held that the evidence is sufficient to prove that the accused is the same person named in a *128 record, where that record contains photographs and a detailed physical description of the named person, and the accused is present in court for the fact finder to compare his appearance with the person described in the record. Johnson v. State, 410 S.W.2d 785 (Tex.Crim.App.1967). There, the court approved the introduction of duly authenticated records from California, among which was a physical description and picture of the defendant, and a “recitation” of his burglary conviction in that state. Id. at 787.
We hold that the jury had sufficient evidence before them to reasonably conclude that appellant was the same person previously convicted in Louisiana. Appellant’s first ground of error is overruled.
In his second ground of error, appellant argues that the trial court erred in overruling his objection to the introduction of the prior Louisiana conviction.
At trial, appellant failed to object to the entire “pen packet.” He based his objection to the photographs and fingerprint cards on the ground that they were not the work product of the Department of Corrections, but rather the work product of the Louisiana State Police. Appellant cites no authority in support of this proposition.
The accompanying authentication statement identifies the photographs and fingerprint cards as “being relative to Roy L. Fontenot, a former inmate of the Louisiana Department of Public Safety and Corrections Services.” This certification affirmatively reflects that the photographs and fingerprint cards were part of appellant’s Louisiana penitentiary packet. Also contrary to appellant’s assertion, the fingerprint cards refer to the offense alleged in the present indictment, by means of the inmate prison record described above.
Appellant’s second ground of error is overruled.
Appellant’s final ground of error alleges, again without supporting authority, that the proof of the prior Louisiana conviction was improperly authenticated and should not have been admitted into evidence. He complains that the “pen packet” is not properly certified under Tex.Rev.Civ. Stat.Ann. art. 3731a, sec. 4 (Vernon Supp. 1986), because a substituted signature appears for C. Paul Phelps, the Secretary of the Louisiana Department of Public Safety and Corrections. Appellant does not complain of the certification paragraphs signed and sworn to by the Records Clerk and by the Secretary of State of Louisiana.
Article 3731a, section 4, contains the requirement that “the attestation [of official records] shall be accompanied with a certificate that the attesting officer has the legal custody of such writing.” The following certification paragraphs are part of the Louisiana penitentiary packet:
I, ROXIE H. STRICKLAND, in my official capacity as Records Clerk and Custodian of inmate records of the Louisiana Department of Public Safety and Corrections Services, do hereby certify that attached hereto are true and exact copies of criminal record, court documents, discharge papers, conduct report, rap sheet, fingerprints and photo relative to one Roy L. Fontenot, DOC 65532; 70022 & 77328 a former inmate of this department.

Roxie H. Strickland

Custodian of Records
Louisiana Department of Public Safety and Corrections Services
I, JAMES H. BROWN, Secretary of the State of Louisiana, do hereby certify that C. Paul Phelps is Secretary of the Louisiana Department of Public Safety and Corrections and that Roxie H. Strickland is Records Clerk of the inmate records of the Louisiana Department of Public Safety and Corrections Services and that as such is the official custodian of the records of corrections services. Subscribed and sworn to this date February 5, 1985.

Jim Brown

Secretary of State
State of Louisiana
We find that the attestation of the Louisiana Records Clerk, and the accompanying *129 independent certification of the Louisiana Secretary of State, satisfy the requirements of article 3731a, section 4.
Appellant’s third ground of error is overruled.
The judgment of the trial court is affirmed.