Skinner v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00614-CR







Robert P. Skinner, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT

NO. 85-159-K, HONORABLE JOHN R. CARTER, JUDGE PRESIDING







 Robert P. Skinner, appellant, challenges the district court's order revoking his probation. 
He brings two points of error arguing that (1) the State failed to diligently apprehend him and hold a prompt
hearing on its motion to revoke his probation and (2) the State presented insufficient evidence to establish
that appellant violated a term of his probation. We will affirm the district court's order.



BACKGROUND


 In April 1985 appellant was charged with attempted sexual assault. He pleaded guilty and
on May 14, 1985, was sentenced to ten years' imprisonment, probated for ten years. Later that year,
appellant received permission from the Williamson County probation department to move to the state of
Kentucky. His probation was transferred to Kentucky subject to his following the conditions of his
probation. Among these conditions were that appellant pay probation fees and break no laws throughout
the duration of his probation.

 Appellant reported to a probation officer in Kentucky through May of 1987. At that time,
Kentucky placed him on "inactive supervision"; however, appellant continued to file report forms and pay
probation fees to the Williamson County probation department. That department last received a fee
payment from appellant on July 11, 1991. When the Williamson County probation department attempted
to collect delinquent fees from appellant, it discovered that in 1993 appellant had been twice convicted for
driving while intoxicated in Kentucky (the "Kentucky offenses"). (1) In August of 1993, while he was in the
custody of the state of Kentucky, the State of Texas filed a motion to revoke appellant's probation. Soon
thereafter the district court clerk issued a capias for appellant's arrest and the State placed a detainer on
appellant. 

 Appellant was released from his imprisonment in Kentucky and returned to Texas in March
of 1995--more than a month before his probation was to have ended. On August 21 and 22, 1995, the
district court held a hearing on the State's motion to revoke appellant's probation. The court found as true
several of the allegations in the motion to revoke, including the allegation that appellant committed the crime
of driving while intoxicated during his probationary term. Accordingly, the district court revoked the
probation and sentenced appellant to seven years' imprisonment. Appellant now brings this appeal.


DISCUSSION


 In his first point of error, appellant complains the State was not diligent in apprehending him
and bringing its motion to revoke probation forward for a hearing. He did not, however, raise this
complaint before the district court.

 A trial court may hold a hearing on a motion to revoke probation after the probationer's
term of probation has expired so long as the motion to revoke was filed and a capias or arrest warrant
issued before the expiration of the probationary term. Rodriguez v. State, 804 S.W.2d 516, 517 (Tex.
Crim. App. 1991); Hunter v. State, 820 S.W.2d 5, 6 (Tex. App.--Austin 1991, no pet.). Because these
requirements were met, the district court had jurisdiction to hold the revocation hearing. See Rodriguez,
804 S.W.2d at 517.

 To properly revoke probation after the probationary term has expired, the State must make
a diligent effort to apprehend the probationer and hold a prompt hearing on its motion to revoke. Stover
v. State, 365 S.W.2d 808, 809 (Tex. Crim. App. 1963). At a revocation hearing, once the probationer
raises the issue, the State has the burden of showing due diligence. Rodriguez, 804 S.W.2d at 517-18. 
If, however, the probationer does not raise the issue of due diligence before or during the revocation
hearing, he has failed to preserve error and cannot complain of the State's lack of diligence for the first time
on appeal. Hardman v. State, 614 S.W.2d 123, 126-27 (Tex. Crim. App. 1981). Appellant did not
raise his due diligence complaint before or during his revocation hearing and therefore failed to preserve
error. Accordingly, appellant's first point of error is overruled.


 In his second point of error, appellant challenges the sufficiency of the evidence supporting
the allegations in the State's motion to revoke. Specifically, he contends there is insufficient evidence to
establish that appellant was the same person convicted of the Kentucky offenses. Without such evidence,
the State could not show that appellant violated a term of his probation by committing a criminal offense
during the course of the probation. (2)

 The State had the burden of proving appellant committed the crime of driving while
intoxicated during his probationary period. See Cain v. State, 468 S.W.2d 856, 858 (Tex. Crim. App.
1971). To do so, the State was required to show by independent testimony that appellant was the identical
person previously convicted. Id. Appellant notes that the State relied solely upon certified copies of
conviction records to establish he committed the Kentucky offenses. He complains that these records do
not contain photographs or fingerprints of appellant and therefore do not establish that he is the same
Robert Skinner who was convicted of the Kentucky offenses. Appellant cites Long v. State, 590 S.W.2d
138 (Tex. Crim. App. 1979), to support his contention that the State's evidence is insufficient to prove that
appellant was the same individual convicted in Kentucky. See id. at 140.


 In Long, the Texas Court of Criminal Appeals held that a judgment of conviction alone was
insufficient to prove that the probationer had actually committed an offense. Id. at 140-41. The judgment
of conviction merely established that someone with the same name as the probationer had been convicted
of an offense; the State offered no admissible independent evidence to establish that the probationer was
the individual who committed the offense. Id. In dictum, the Long court questioned whether evidence
showing that the probationer had the same birthdate and driver's license number as the convicted individual
would be sufficient to prove that the probationer committed the offense. Id. at 140 & n.1; see also Cain,
468 S.W.2d at 858-60 (holding that a defendant's signature on conviction records was insufficient to
establish that the defendant was the identical person previously convicted).

 The case at issue is clearly distinguishable from Long and Cain because here the State
presented ample independent evidence that appellant was the identical person who committed the
Kentucky offenses. Unlike a judgment of conviction which includes name only, the documents relating to
the Kentucky convictions contain the name, date of birth, social security number, sex, race, height, weight,
hair color, eye color, and signature of the individual who committed the Kentucky offenses. From these
identifiers the district court had ample evidence from which to conclude that appellant was the identical
person who committed the Kentucky offenses. Accordingly, we hold that the district court did not abuse
its discretion by finding as true the allegation that appellant committed the Kentucky offenses during his
probationary period. Appellant's second point of error is overruled.




CONCLUSION


 Having overruled appellant's points of error, we affirm the order of the district court.


 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: December 19, 1996

Do Not Publish
1.   The State asserts that appellant was convicted three times for driving while intoxicated. 
The record clearly indicates that he was convicted for at least two incidents of driving while
intoxicated. The question of the number of convictions is unimportant to our determination.
2.   Appellant also claims there is insufficient evidence to establish that he (1) consumed
alcoholic beverages and (2) intentionally failed to pay probation fees. We need not address
these issues, however, because we hold that the evidence establishes appellant committed the
offense of driving while intoxicated during his probationary term. See Taylor v. State, 604
S.W.2d 175, 180 (Tex. Crim. App. 1980) ("One sufficient ground for revocation will support the trial
court's order revoking probation.").



ring the course of the probation. (2)

 The State had the burden of proving appellant committed the crime of driving while
intoxicated during his probationary period. See Cain v. State, 468 S.W.2d 856, 858 (Tex. Crim. App.
1971). To do so, the State was required to show by independent testimony that appellant was the identical
person previously convicted. Id. Appellant notes that the State relied solely upon certified copies of
conviction records to establish he committed the Kentucky offenses. He complains that these records do
not contain photographs or fingerprints of appellant and therefore do not establish that he is the same
Robert Skinner who was convicted of the Kentucky offenses. Appellant cites Long v. State, 590 S.W.2d
138 (Tex. Crim. App. 1979), to support his contention that the State's evidence is insufficient to prove that
appellant was the same individual convicted in Kentucky. See id. at 140.


 In Long, the Texas Court of Criminal Appeals held that a judgment of conviction alone was
insufficient to prove that the probationer had actually committed an offense. Id. at 140-41. The judgment
of conviction merely established that someone with the same name as the probationer had been convicted
of an offense; the State offered no admissible independent evidence to establish that the probationer was
the individual who committed the offense. Id. In dictum, the Long court questioned whether evidence
showing that the probationer had the same birthdate and driver's license number as the convicted individual
would be sufficient to prove that the probationer committed the offense. Id. at 140 & n.1; see also Cain,
468 S.W.2d at 858-60 (holding that a defendant's signature on conviction records was insufficient to
establish that the defendant was the identical person previously convicted).

 The case at issue is clearly distinguishable from Long and Cain because here the State
presented ample independent evidence that appellant was the identical person who committed the
Kentucky offenses. Unlike a judgment of conviction which includes name only, the documents relating to
the Kentucky convictions contain the name, date of birth, social security number, sex, race, height, weight,
hair color, eye color, and signature of the individual who committed the Kentucky offenses. From these
identifiers the district court had ample evidence from which to conclude that appellant was the identical
person who committed the Kentucky offenses. Accordingly, we hold that the district court did not abuse
its discretion by finding as true the allegation that appellant committed the Kentucky offenses during his
probationar