ACCEPTED
06-14-00164-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/31/2014 4:09:13 PM
DEBBIE AUTREY
CLERK

Nos. 06-14-00164-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

1/8/2015 3:29:00 PM

DEBBIE AUTREY
Clerk

# In the
# Sixth Court of Appeals
# at Texarkana, Texas

_____

Christopher Neal McGonigal,

Appellant,

v.

The State of Texas,

Appellee.

_____

On Appeal from the
6th District Court of Red River County
Hon. Eric Clifford, Presiding

_____

**APPELLANT'S BRIEF**

Don Biard
State Bar No. 24047755
Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

*Defendant Below*
*Appellant in this Court*

Christopher Neal McGonigal

Counsel for Appellant:

      Don Biard                  (on appeal)
      State Bar No. 24047755
      38 First Northwest
      Paris, Texas 75460
      Tel: (903)785-1606
      Fax: (903)785-7580
      Email: dbiard@att.net

      Dan Meehan              (at trial)
      State Bar No. 13898700
      202 West Madison
      Clarksville, Texas 75426
      Tel: (903)427-4547
      Fax: (903)427-4549

*Appellee in this Court*

The State of Texas

Counsel for Appellee:

      Hon. Val Varley
      State Bar No. 20496580
      Red River County Attorney's Office
      400 North Walnut
      Clarksville, Texas 75426
      Tel: (903)427-2009
      Fax: (903)427-5316

# TABLE OF CONTENTS

Identity of Parties and Counsel……………………………...........……………….……1

Table of Contents…………………………………...........…………………………….2

Index of Authorities……………………………………...........…………………….3-4

Issues Presented…………………………………………...........…………...…………5

Summary of the Argument...................................................................................6

Statement of the Case………………………………….……………………………...8

Procedural History……………………………………………….…………………......9

Facts…………………………………………………………….……………..10-11

Argument and Authorities…………………………………….…………….......12-24

Prayer……………………………………………………………..….24

Certificate of Service……………………………...……………………….25

Certificate of Compliance With Rule 9.4(i)(3)........................................................26

# INDEX OF AUTHORITIES

## Caselaw

*Banks v. State,* 158 S.W.3d 649, 651 (Tex. App. – Houston [14[th] Dist.] 2005), pet. ref'd..................................................................................................................22

*Bradley v. State,* 564 S.W.2d 727 (Tex.Cr.App.1978)...........................................18

*City of Keller* 168 S.W.3d 802, 813 (Tex. 2005).....................................................12

*Cortez v. State,* 571 S.W.2d 308 (Tex. Crim. App. 1978).......................................22

*Franco v. State,* 552 S.W.2d 142 (Tex. Crim. App. 1972)......................................15

*Gagnon v. Scarpelli,* 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)........18

*Hacker v. State,* 389 S.W. 3d 860, 864 (Tex. Crim. App. 2013).............................12

*Long v. State*, 590 S.W.2d 138 (Tex. Crim. App. 1979)....................................18,21

*Marathon Corp v. Pitzner,* 106 S.W.3d 724, 728 (Tex. 2003)................................12

*Montgomery v. State,* 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).....................19

*Prince v. State,* 503 S.W.2d 777 (Tex. Crim. App. 1974).......................................17

*Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr.App.1975).........................................18

*Willis v. State,* 2 S.W. 3d 397 (Tex. App. – Austin 1999), no pet......................16,17

# Rules of Evidence

Tex. R. Evid. 410................................................................................15

Tex. R. Evid. 801................................................................................20

Tex. R. Evid. 802................................................................................20

Tex. R. Evid. 803............................................................................17,20

Tex. R. Evid. 902................................................................................21

# Rules of Procedure

Tex. R. Crim. Pro. 27.02......................................................................13

# Secondary Sources

George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure, §40.86*..16

**ISSUES PRESENTED**

**I.  Whether the evidence is insufficient to support the trial court's judgment revoking Appellant's deferred adjudication community supervision and adjudicating Appellant guilty of the underlying offense?**

**II.  Whether the trial court erred in admitting hearsay evidence?**

The state filed a motion to revoke Appellant's deferred adjudication community supervision. The only allegation contained in the state's motion was that Appellant had committed the offense of Driving While Under the Influence of Drugs or Alcohol in Montgomery County, Kansas on or about May 9, 2014. The state presented two pieces of evidence to meet its burden of proof on this allegation.

First, the state offered a "Defendant's Acknowledgment of Rights and Entry of Plea" from a Kansas court signed by Appellant. This document did not specify what type of plea Appellant was entering, what offenses he may have been pleading to, when those offenses may have occurred, or where those offenses may have occurred.

Next, the state offered an Inmate Booking Sheet from the Montgomery County, Kansas Sheriff's Office. This document showed only Appellant's physical description, arrest date, and the offense with which he was charged. It contained no other information about the offense.

These two pieces of evidence are insufficient to prove by a preponderance of the evidence that Appellant committed the offense alleged in the motion to revoke.

Further, the Inmate Booking Sheet was inadmissible hearsay evidence. Not only is it hearsay, but this document contains observations of law enforcement

personnel and is not authenticated.  The trial court erred by admitting it over

defense objection.

## STATEMENT OF THE CASE

*Nature of the Case:*    Motion to Revoke Deferred Adjudication Community Supervision and Adjudicate Guilt on one charge of Indecency with a Child.

*Trial Court:*    The Honorable Eric Clifford
6th District Court, Red River County, Texas

*Trial Court Disposition:*    The trial court revoked Appellant's community supervision, adjudicated Appellant guilty on the charge of Indecency with a Child, and sentenced Appellant to 20 years' imprisonment.

# PROCEDURAL HISTORY[1]

On February 19, 2013, Appellant, Christopher Neal McGonigal, was placed on deferred adjudication community supervision for one charge of indecency with a child.[2] On June 2, 2014, the state filed a motion to adjudicate guilt.[3]

A hearing was held on the motion on August 28, 2014.[4] The trial court adjudicated McGonigal guilty of the charge of indecency with a child and sentenced McGonigal to serve a 20 year term.[5] McGonigal timely filed notice of appeal.[6]

---

[1] All references to the record on appeal are made in the following manner: CR pg.# and RR, pg.#. CR designates the Clerk's Record and RR designates the Reporter's Record, followed by the particular page in that record. RR Ex.# designates a particular exhibit in the Reporter's Record.

[2] CR pg. 65

[3] CR pg. 109

[4] RR pg. 1

[5] CR pg. 131

[6] CR pg. 123

## FACTUAL BACKGROUND

The sole basis of the state's motion to adjudicate guilt was an allegation that McGonigal had committed the offense of Driving Under the Influence of Alcohol or Drugs in Montgomery County, Kansas on or about May 9, 2014.[7]

During the adjudication hearing, the state called two witnesses. The first witness, Miranda Dean, was McGonigal's probation officer in Red River County.[8] Ms. Dean was called for the primary purpose of introducing a document into evidence.[9] This document was titled "Defendant's Acknowledgment of Rights and Entry of Plea" and stemmed from a criminal case in the Fourteenth Judicial District of Kansas.[10] Ms. Dean seemed unsure of what the document was and had no personal knowledge about the case.[11]

The state next called Alex Davidson, an investigator with the Red River County District Attorney's Office. Mr. Davidson was called for the primary purpose of introducing another document into evidence. This document was titled "Montgomery County SO Inmate Booking Sheet" and contained McGonigal's physical description, photograph, and arrest information.[12]

---

[7] RR pg. 5; CR pg. 109
[8] RR pg. 6
[9] RR pg. 7
[10] RR, Ex. #1
[11] RR pgs. 7, 9
[12] RR, Ex. #2

10

Mr. Davidson testified that the Montgomery County, Kansas Sheriff's Office had faxed him this document at his request.[13] This document states that McGonigal was arrested on May 9, 2014 and had the charge of "Driving under influence of alcohol or drugs."[14]

---

[13] RR pg. 13
[14] RR, Ex. #2

# ARGUMENT AND AUTHORITIES

**Issue No. 1 Restated:  The evidence is insufficient to show that Appellant committed the offense of Driving While Under the Influence of Alcohol or Drugs in Montgomery County, Kansas on or about May 9, 2014.**

## Standard of Review

To revoke probation (whether it be regular probation or deferred adjudication), the State need prove the violation of a condition of probation by a preponderance of the evidence. In the probation-revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." Although a lower standard than "beyond a reasonable doubt," the preponderance of the evidence standard is a much higher standard than the search-and-seizure standards of "probable cause" and "reasonable suspicion."[15]

Evidence does not meet this standard when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence or when the finder of fact must guess whether a vital fact exists.[16]  "Some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence."[17]

## a.  The Plea Document Contains No Evidence of McGonigal's Guilt

---

[15] *Hacker v. State*, 389 S.W. 3d 860, 864 (Tex. Crim. App. 2013).
[16] *Id., citing City of Keller* 168 S.W.3d 802, 813 (Tex. 2005).
[17] *Marathon Corp v. Pitzner*, 106 S.W.3d 724, 728 (Tex. 2003).

The state presented only two pieces of evidence during the hearing. The first was the "Defendant's Acknowledgment of Rights and Entry of Plea".[18] This document fails to show that McGonigal committed the alleged offense for several reasons.

First, it does not show what plea McGonigal entered in the case. This document appears to be a standard form used in plea cases in Kansas, similar to the form often used in Texas.[19] Throughout the document it advises defendants of the effects of a plea of guilty and a plea of no contest. However, the document does not identify which type of plea McGonigal intended to enter. The document consistently speaks of both a plea of guilty and a plea of no contest.

Given the language of the document, it is certainly possible McGonigal intended to enter a plea of no contest to one or more of the charges rather than a plea of guilty. No judicial notice of the effect of a plea of no contest in Kansas was taken during the hearing. However, in Texas, a plea of no contest is not an admission of guilt.[20] It is also important to note that this Kansas document does not contain any sort of judicial confession like its Texas counterpart.[21]

Second, this exhibit does not show to what crimes McGonigal intended to plead no contest or guilty to. Although paragraph six lists, "DUI, 1st" and "Driving

---

[18] RR, Ex. #1
[19] *See* CR pg. 45
[20] Tex. R. Crim. Pro. 27.02(5)
[21] CR pg. 52

Left of Center" it is not clear that McGonigal intended to plead guilty to either or both of these offenses. The plea agreement was apparently attached to the original document in Kansas (para. 5 of the exhibit), but was not attached when this document was entered into evidence in Red River County.

It is not uncommon for a defendant to be charged with two offenses and to reach a plea bargain in which the more serious offense is dismissed in exchange for a plea to the minor offense or to plead to a lesser included offense. Again, Exhibit #1 does not identify how McGonigal intended to plead.

Third, this exhibit does not show any proof that McGonigal actually plead to Driving Under the Influence or that his plea was accepted. This document is only an advisement of the defendant's rights. It is not, on its face, a plea itself. The document is not signed or certified by a judge or magistrate.[22]

The state did not introduce any other evidence from the Kansas case, such as a written judgment of conviction or a certified reporter's record, to show how or if McGonigal plead to the offenses. Nor did the state offer any evidence as to what offense or offenses McGonigal was convicted of in the Kansas court.

Even if we assume, for the sake of argument, that McGonigal intended to plead guilty and admit to committing the offense alleged in the state's motion to

---

[22] Page 3 of the document contains a signature block for "JUDGE/Notary Public". However, it is clear this is intended only to acknowledge the signatures of the defendant and his counsel. It also does not indicate whether this particular document was signed by a judge or a notary.

14

revoke, this would not be sufficient to revoke his community supervision. In *Franco v. State*, the defendant had been placed on community supervision and the state sought to revoke his community supervision. As part of plea negotiations Franco signed a "Stipulation of Evidence" stipulating to the facts alleged in the state's motion to revoke. During the hearing, however, Franco changed his mind and plead "not true" and objected to the admission of the Stipulation of Evidence. The trial court considered the stipulation over defense objection and revoked Franco's community supervision.[23]

The Court of Criminal Appeals reversed the trial court's judgment. The court held that because Franco plead "not true", the stipulation of evidence should not have been admitted into evidence.[24]

Here, the evidence is even less compelling. We have an advisement of rights which, at best, indicates that McGonigal intended to plead guilty or no contest to one or more offenses. However, there is no record that McGonigal actually plead to the offenses.[25]

**b. The Inmate Booking Sheet Contains No Evidence of McGonigal's Guilt**

The second exhibit introduced by the state is a booking sheet from the Montgomery County Sheriff's Office. It gives McGonigal's general physical

---

[23] *Franco v. State*, 552 S.W.2d 142 (Tex. Crim. App. 1972).
[24] *Franco* at 144
[25] *See also* Tex. R. Evid. 410 (a plea of guilty or no contest that was later withdrawn is not admissible against the defendant who made the plea or was a participant in the plea discussions)

description and states that he was arrested on May 9, 2014 and charged with "B-1567 Driving under influence of alcohol or drugs; Misdemeanor: STAT". Although the document states the arrest date was May 9, 2014, it does not specify that this was the same date that the alleged offense occurred. The state presented no evidence from the arresting officer in Kansas nor any testimony from any other person with knowledge of the details of alleged offense.

**c. Taken together these documents do not meet the state's burden**

There are three ways in which the State may seek to prove the defendant engaged in criminal conduct during the community supervision period – (1) direct proof in the revocation hearing; (2) using a judgment of conviction; (3) using evidence from a criminal trial.[26]

Here, the state offered no direct proof – such as the testimony of the arresting officer. The state offered no judgment of conviction. And, the only evidence from a criminal trial offered was an advisement to McGonigal of his rights.

In *Willis v. State*, the defendant had been placed on community supervision in Caldwell County for the offense of theft. The state sought to revoke his community supervision. The state alleged that Willis had again committed theft while on community supervision. The primary evidence introduced by the state to

---

[26] *Willis v. State*, 2 S.W. 3d 397 (Tex. App. – Austin 1999), *citing George E. Dix &Robert O. Dawson, Criminal Practice and Procedure, §40.86*

prove this allegation was a judgment from a Brazos County court revoking Willis's community supervision in a separate case. The written judgment from the Brazos County court recited that the court had found that Willis had committed the exact same offense as alleged in the state's motion to revoke in Caldwell County.[27]

The Austin Court of Appeals reversed the judgment of the Caldwell County court revoking Willis's community supervision. It found that the revocation order was, "[S]upported by no evidence other than the recitations in a revocation order entered by another judge, in another county, in another case, and where the defendant was represented by different counsel."[28]

In our case, we do not even have a written order from the Kansas court finding that McGonigal committed any offense. Not only was he in another state, another case, and represented by different counsel, there is not even a cursory recitation that McGonigal committed the offense alleged in the motion to revoke.

Even if we had a judgment of conviction, the evidence would still be insufficient. As shown in Defendant's Exhibit #1, McGonigal appealed his sentence (for an unspecified offense). It has long been the law that if a conviction is on appeal at the time of the revocation, it may not be used as the basis for revocation.[29]

---

[27] *Willis* at 399
[28] *Willis* at 400
[29] *Prince v. State*, 503 S.W.2d 777 (Tex. Crim. App. 1974); *see also* Tex. R. Evid. 803(22)

## d.  Conclusion

Though not the same as a criminal trial, a proceeding to revoke probation portends a possible deprivation of liberty, and as such, the application of appropriate due process of law is constitutionally required.[30]  The fundamental tenant of our system of justice is that merely being arrested and charged with an offense is not evidence of the commission of that offense.

The evidence presented during McGonigal's revocation hearing shows, at best, that he was arrested and charged with Driving Under the Influence.  It does not show that he plead guilty to that offense or that a court found him guilty of that offense.  The Court of Criminal Appeals has repeatedly cautioned against relying solely upon evidence of a conviction to prove a violation of community supervision conditions.[31]  Here, we do not even have evidence of a conviction, only evidence of an arrest and charge.

Evidence showing only that a probationer has been arrested and charged with an offense is insufficient to show that he has committed that offense.  Holding otherwise would offend traditional notions of justice and deny McGonigal of his constitutional right to due process.

---

[30] *Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); Bradley v. State, 564 S.W.2d 727 (Tex.Cr.App.1978); Scamardo v. State, 517 S.W.2d 293 (Tex.Cr.App.1975).*
[31] *Long v. State*, 590 S.W.2d 138, 139 (Tex. Crim. App. 1979)

**Issue No. 2 Restated: The trial court erred when it admitted state's Exhibit #2 over defense objection because the exhibit is inadmissible hearsay evidence.**

### Standard of Review

A trial court's ruling concerning the admissibility of evidence is reviewed under an abuse of discretion standard.[32] Under that standard, the trial court's ruling must have been within the zone of reasonable disagreement.[33]

**a. Error Was Preserved**

The state called its investigator, Alex Davidson, for the purpose of introducing the Montogmery County Sheriff's Office inmate booking sheet. When the state offered this exhibit into evidence during Mr. Davidson's testimony the defense objected on the basis of hearsay, lack of proper foundation, and relevancy.[34] The exhibit was admitted over the defense objections.[35]

**b. The document is inadmissible hearsay**

Mr. Davidson testified that he had contacted the Montgomery County Sheriff's Office and asked them for any book-in records they had for McGonigal. The sheriff's office faxed him the document admitted as Exhibit #2.[36]

This document is a written statement made by a person not testifying in court and admitted for the purpose of proving that McGonigal had committed the

---

[32] *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991)
[33] *Id.*
[34] RR pg. 14
[35] RR pg. 14
[36] RR pgs. 13-14

offense of Driving Under the Influence of Drugs or Alcohol. Accordingly, it is hearsay.[37]

### i. It is excluded under Tex. R. Evid. 803(6)

The only possible exception to the hearsay rule which this document might fall under is the exception for public records and reports.[38] However, this document fails under this exception for several reasons.

First, in criminal cases, matters observed by law enforcement personnel are not admissible under this exception.[39] The notation of "Driving under the influence of alcohol or drugs" could have only come from a police officer's observation.

### ii. It was not authenticated by a witness

Second, no foundation was laid regarding whether this report contained "matters observed pursuant to duty imposed by law as to which matters there was a duty to report".[40] No one from the Montgomery County, Kansas Sheriff's Office was called to testify regarding how these booking sheets are compiled and whether they have a duty under Kansas law to report the information contained in them. Nor did the trial court take judicial notice of any Kansas law imposing such a duty.

---

[37] Tex. R. Evid. 801, 802
[38] Tex. R. Evid. 803(8)
[39] Tex. R. Evid. 803(6)(B)
[40] *Id.*

### iii. It was not authenticated by seal or certification

Third, the document was not a self-authenticating document. There is no seal, signature, or other certification which might make this document a self-authenticated public record.[41]

The Court of Criminal Appeals has held that booking sheets are inadmissible hearsay unless properly authenticated.[42] In *Long v. State*, the defendant was placed on probation for aggravated assault. The state later sought to revoke his probation based on an allegation that he had committed theft. One of the pieces of evidence presented at his revocation hearing was a Sheriff's Office booking sheet. Long objected to its admission on the basis of hearsay. The booking sheet was admitted over Long's objection.[43]

The Court of Criminal appeals held that the trial court erred in admitting the booking sheet. The court said, "The booking sheet contained no certification that it was a true and correct copy, it bore no signature, and [the witness] testified that he did not have anything to do with the preparation of that document, nor was he present when it was prepared.[44]

The exact same facts are present in our case. The Montgomery County booking sheet, contained no certification that it was a true and correct copy, it bore

---

[41] Tex. R. Evid. 902; *see also* RR Ex. #1
[42] *Long v. State*, 590 S.W.2d 138
[43] *Long* at 139-140
[44] *Long* at 140

no signature, and the witness testified that he had only received it by fax from the Sheriff's office and knew no other information about the case.

Even documentary evidence of an out-of-state conviction must be authenticated before it may be admitted. In *Banks v. State*, the prosecution offered a "pen packet" from Illinois as proof of the defendant's prior conviction.[45] The packet contained a court order, a fingerprint card, and a report. However, the packet was not certified nor did it bear any kind of seal.[46] The court held that the pen packet was inadmissible hearsay because it had not been properly authenticated and reversed the judgment of the trial court.[47] In our case, the booking sheet was also not authenticated and, therefore, should not have been admitted.

## c. Admission of the Document Resulted in Harm to Appellant

The Inmate Booking Sheet was the only evidence introduced in the hearing tending to show that McGonigal had "committed the offense of Driving under Influence of Alcohol or Drugs on or about May 9, 2014 in Montgomery County, KS". Exhibit #1 shows only that McGonigal intended to enter some kind of plea to "DUI; 1st" and "Driving Left of Center". It does not state when those alleged offenses occurred. Although the styling of that document indicates it was filed in

---

[45] *Banks v. State*, 158 S.W.3d 649, 651 (Tex. App. – Houston [14th Dist.] 2005), pet. ref'd; *see also Cortez v. State*, 571 S.W.2d 308 (Tex. Crim. App. 1978).
[46] *Id.* at 653
[47] *Id.* at 652

the "District Court of Montgomery & Chautaugqua Counties", it does not state where the alleged offense occurred. Further, that document does not state that McGonigal was suspected of the offense of "Driving Under the Influence of Drugs or Alcohol" but simply states, "I understand from discussion with my attorney that I am pleading to the following crimes which have the following range of penalties: "DUI, 1st".

The Red River County probation officer, Miranda Dean, testified that she had no personal knowledge of the alleged offense.[48] She even testified that she was not familiar with Exhibit #1, which she was being asked to indentify.[49]

The District Attorney's own investigator, Alex Davidson, testified that he had no knowledge concerning the alleged offense other than the booking sheet.[50]

**d. Conclusion**

Exhibit #2 is inadmissible hearsay. The trial court erred when it admitted the document over defense objection. This error harmed McGonigal because this exhibit is the only scintilla of evidence which might show that McGonigal committed the offense alleged in the state's motion to adjudicate guilt.

---

[48] RR pg. 9
[49] RR pg. 7
[50] RR pg. 15

## CONCLUSION

The evidence is insufficient to support the trial court's judgment revoking Appellant's deferred adjudication community supervision. The state failed to meet its burden of proof to show that Appellant had committed the offense of Driving While Under the Influence of Drugs or Alcohol in Montgomery County, Kansas on May 9, 2014. Further, the trial court erred when it admitted hearsay evidence of Appellant's arrest in Kansas. This error resulted in substantial harm to Appellant because it contained the only evidence that Appellant may have committed the offense alleged in the state's motion to revoke.

## PRAYER

Appellant requests this court to reverse the judgment rendered below and reinstate Appellant's deferred adjudication community supervision

Respectfully Submitted,

**/s/ Don Biard**_____
Don Biard
State Bar No. 24047755
McLaughlin, Hutchison & Biard, LLP
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Counsel for Appellant

24

## CERTIFICATE OF SERVICE

I certify that on December 31, 2014 a copy of the foregoing Appellant's Brief was served to the following parties by the method indicated below.


/s/   **Don Biard**        //
Don Biard


**Via Email and Regular Mail**
Hon. Val Varley
Red River County District Attorney's Office
400 N. Walnut
Clarksville, Texas 75426
Tel:  (903)427-2009
Fax: (903)427-5316

## CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)

─────────────────────────────────────────────

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 4,155 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,


**/s/ Don Biard                    //**
Don Biard
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Attorney for Appellant