**Harold Dean WILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 03–98–00604–CR.**

Court of Appeals of Texas, Austin.

June 30, 1999.

Erick A. Bovik, Austin, for Appellant.

Charles R. Kimbrough, Criminal District Attorney, Lockhart, for State.

Before Justices JONES, B.A. SMITH and DALLY.*

CARL E.F. DALLY, Justice (Retired).

Appellant Harold Dean Willis appeals from an order revoking his community supervision. On July 23, 1992, appellant was convicted in Caldwell County of the offense of theft and placed on community supervision for ten years. On September 29, 1998, the trial court found that appellant had violated a condition of community supervision and ordered revocation, but "modif[ied] the sentence to two years confinement." In one of several points of error, appellant asserts that the trial court abused its discretion in revoking his community supervision because the evidence is insufficient to support the revocation order. We agree; therefore, we will reverse the revocation order and remand the cause to the trial court.

Appellate review of an order revoking community supervision is limited to

---

* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment.

See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

determining whether a trial court abused its discretion. *See Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984); *Campbell v. State*, 427 S.W.2d 621, 622 (Tex.Crim.App.1968); *Lee v. State*, 952 S.W.2d 894, 897 (Tex.App.—Dallas 1997, no pet.). An abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App.1993); *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex.Crim.App.1975). Inadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay. Tex.R. Evid. 802. An appellate court views the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App.1981); *Lee*, 952 S.W.2d at 897. Regardless of the reasons given by the trial court for revoking community supervision, if evidence supports the court's decision it will not be disturbed on appeal. *Jackson v. State*, 508 S.W.2d 89, 90 (Tex.Crim.App.1974).

■ In its revocation order and judgment imposing sentence, the trial court found that: "Defendant violated the terms and conditions of community supervision, in the manner alleged by the Motion to Revoke Community Supervision filed by the State." The State's motion to revoke alleged that:

Further, the State would show that the Court Ordered the defendant herein to abide by certain conditions of community supervision during the term of community supervision and among the conditions ordered by the Court were the following:

1) Obey all orders of the Court and the Community Supervision Officer.

2) Commit no offense against the laws of this State or of any other State or of the United States.

The State would further show to the Court that the said Defendant, during the period of Community Supervision, violated the terms and conditions of Community Supervision as follows:

1) The defendant, Harold Dean Willis, on or about the 18th day of March, 1997 in Brazos County, Texas did then and there intentionally, knowingly, and unlawfully appropriate property by acquiring and otherwise exercising control over property, other than real property, to-wit: fish hooks of the value of $1,500.00 or more but less than $20,000.00, from SNL Corporation, without the effective consent of Marc Snell, the owner thereof, and with intent to deprive said owner of said property.

The State's proof offered in support of the motion to revoke was primarily a judgment contained in Exhibit 2, a pen packet. The judgment in the pen packet showed that on April 30, 1992, Harold Dean Willis was convicted of felony theft in cause number 20,893–272 in the 272nd District Court of Brazos County and was placed on community supervision for ten years; thereafter appellant's community supervision in cause number 20,893–272 was revoked in Brazos County on July 18, 1997. That order recites that:

On *July 18, 1997*, the Defendant appeared in open court in person and by his attorney *BRUNO SHIMEK*, and the State appeared by her Assistant District Attorney. The Court, after hearing and considering the Defendant's Plea to the Second Amended Motion to Revoke Probation and the evidence offered by both the State and the Defendant, found that the Defendant violated the terms and conditions of his probation as follows: Condition (1): (Commit no offense against the laws of the State or any other State or of the United States or of any governmental entity; and report to

your community supervision officer within 48 hours if arrested or questioned by a law enforcement officer); in that the defendant, HAROLD DEAN WILLIS, on or about March 18, 1997, then and there intentionally appropriated, by acquiring and otherwise exercising control over, property, to wit: fish hooks of the value of $1500 or more but less than $20,000 from the owner, Marc Snell, SNI Corporation without the effective consent of the owner and with intent to deprive the owner of the property, ...

We must determine whether this evidence was sufficient to support the revocation order in this case in Caldwell County. Commentators have said that:

> Community supervision conditions always provide that the defendant is to "commit no offense against the laws of this State or of any other State or of the United States." Proof of a violation of that condition requires proof the defendant engaged in criminal conduct during the period of community supervision.

> There are three ways in which the State may seek to prove the defendant engaged in criminal conduct during the community supervision period—(1) direct proof in the revocation hearing; (2) using a judgment of conviction; or (3) using evidence from a criminal trial.

42 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure*, § 40.86 (Texas Practice 1995) (footnotes omitted). In this case the State did not use any of the three ways to prove its revocation allegation. The Brazos County judgment was for an offense that was committed before appellant was placed on community supervision in this case in Caldwell County. The State relies upon the recitation in the Brazos County order revoking community supervision. In the trial court, the prosecutor aptly and succinctly summarized, saying that: "The evidence before this court establishes that another judicial tribunal has affirmatively found, based on the evidence presented, that the allegation contained in this motion to revoke is true."

On appeal, the State declares: "Judicial findings found in conviction records can be sufficient to sustain the decision of the trial court revoking probation of the accused, pursuant to the preponderance standard of proof. *Battle v. State, supra*, [571 S.W.2d 20 (Tex.Crim.App.1978) ] and *Wright v. State*, 523 S.W.2d 704, 705 (Tex. Crim.App.1975)." The *Battle* opinion does not relate to documentary or record proof; it repeats the preponderance of evidence standard applicable to revocation proceedings.

In *Wright*, the court stated: "Because such documents [which were not included in the record] are not as a matter of law insufficient to show a violation of the terms of probation, but to the contrary may have been sufficient (*see McClure v. State*, Tex. Cr.App., 496 S.W.2d 588; *Bennett v. State*, Tex. Cr.App., 476 S.W.2d 281; *Johnson v. State*, Tex. Cr.App. 410 S.W.2d 785; *Smothermon v. State*, Tex. Cr.App., 383 S.W.2d 929), appellant's failure to secure their presentation for review by this Court precludes us from any finding but that the evidence was sufficient." *Wright*, 523 S.W.2d at 705.

The four cases cited in *Wright* are all distinguishable from the instant case and would not support the State's contention in the instant case. We have found no case in which a revocation order has been upheld when that order is supported by no evidence other than the recitations in a revocation order entered by another judge, in another county, in another case, and where the defendant was represented by different counsel. We hold that the evidence contained in State's Exhibit 2 is insufficient to support the revocation order.

The State, in part, relies on another document admitted in evidence. The Director of the Caldwell County Community Supervision and Corrections Department testified and was the sponsoring witness of State's Exhibit 3. Exhibit 3 includes a document entitled "Violation Notice/Report Narrative." The narrative report reads:

### VIOLATION NOTICE/REPORT NARRATIVE

**SENTENCING JUDGE:** Honorable Fred A. Moore

**CONDITION(S) VIOLATED (BY # ):** #2

**RESPONSE TO PROBATION** (Summary of defendant's behavior on community supervision and the sanctions used): The defendant has had trouble complying with his conditions of probation. The defendant has been supervised in Brazos County since being probated. The defendant was brought back before the court on a Notice to Show Cause on 06–09–94 for failure to pay. A new payment plan was worked out for the defendant.

A Motion to Revoke was filed on 02–01–95 due to the defendant not complying with that new payment plan. He was continued with a condition for the Bastrop County Restitution Center on 06–04–96. He entered the restitution center on 07–22–97 and completed the program successfully on 01–16–97[sic].

The defendant was again being supervised by Brazos County CSCD when he committed an additional felony offense. The defendant ordered $4,429.00 worth of fishing hooks. He asked the company he ordered them from to send them COD, but only put the COD on one box. He signed for all the boxes except for the one that held the receipt. The total amount of the stolen property was $3,732.21.

**RECOMMENDATION NARRATIVE:** This department recommends a motion to revoke community supervision be filed and the defendant be revoked from community supervision.

 At trial the State contended and now on appeal contends that the narrative report was admissible as a record of regularly conducted activity. *See* Tex.R. Evid. 803(6). The sponsoring witness testified that he had no personal knowledge that appellant had stolen the fish hooks. When Exhibit 3 was offered in evidence, appellant objected that no one in the "probation department had direct knowledge of whether [appellant] stole the fish hooks" and that it was an "allegation which is hearsay." "[D]ocuments inadmissible under 803(8)(B) may not be admitted under 803(6)." *Cole v. State,* 839 S.W.2d 798, 811 (Tex.Crim.App.1990); *see also Garcia v. State,* 868 S.W.2d 337, 340–41 (Tex.Crim. App.1993). Furthermore, it is apparent that Exhibit 3 was prepared in view of future litigation, and therefore, a lack of trustworthiness is indicated. *See* Tex.R. Evid. 803(6), (8). Moreover, "Inadmissible hearsay testimony does not become admissible simply because it is contained within an admissible document or transcript." *Jones v. State,* 843 S.W.2d 487, 492 (Tex. Crim.App.1992); Tex.R. Evid. 805.

We hold that the trial court's revocation order is not supported by the evidence. Therefore, we reverse the revocation order and remand the cause to the trial court.