NO. 12-00-00380-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




DAVID MOUSER,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS







PER CURIAM


 David Mouser ("Appellant") appeals from the trial court's judgment revoking his community
supervision and sentencing him to five years of imprisonment for the offense of sexual assault. 
Appellant brings one issue on appeal. We affirm.


Background


 On March 18, 1994, Appellant pleaded guilty to the offense of sexual assault and was
sentenced to ten years of imprisonment probated for ten years and a $1,500.00 fine. As part of the
conditions of his community supervision, Appellant was required to comply with the following
conditions:


. . . 

 Avoid injurious and vicious habits, refrain from using alcoholic beverages and abstain from the use
of any harmful substances, narcotic drug or other controlled substance in any form, except as
prescribed by a licensed physician for legitimate medical purposes;


. . .


 Abstain from the use of alcoholic beverages in any form.


 On October 2, 2000, the State of Texas ("the State") filed a Motion to Revoke Community
Supervision alleging that Appellant had violated the above-referenced requirements of his
community supervision. (1) On December 14, 2000, the trial court heard the State's motion. At the
revocation hearing, Steve Gray ("Gray"), a probation officer with the Anderson County Adult
Probation Department, testified that Appellant provided a urine sample on September 12, 2000 and
that this sample was sent to Accu-Chem Laboratories ("Accu-Chem") for a urinalysis. He further
testified that Accu-Chem provided a report reflecting the results of the urinalysis. The State offered
a copy of Accu-Chem's report into evidence as State's Exhibit 1. Appellant's attorney objected as
follows:


 Your honor, I'm going to object to this being offered into evidence for this reason. On final analysis
here where it says, where it gives what's supposed-what they're supposed to have found, it says final
report. Says reviewed by and it doesn't show who it was reviewed by. So we don't know whether it
was reviewed or whether it was just stuck in there.


The trial court overruled the objection. The report showed that Appellant's urine tested positive for 

marijuana. Gray testified that when he talked to Appellant about the positive drug test, Appellant
denied smoking marijuana but admitted being around some people who were "using." Gray also
testified that on September 12, 2000, Appellant told him that several days before he drunk several
beers at his mother-in-law's house.

 Thomas Hall ("Hall"), a former Anderson County Probation Officer, testified that Molly
Mouser ("Mouser"), Appellant's wife, told him that Appellant had smoked a joint with her son,
Jameson. Appellant called Mouser as a witness. She denied telling Hall that Appellant had smoked
a joint with her son. On cross-examination by the State, she testified that she and Appellant had
been together for almost eight years. Mouser further testified that she had seen Appellant drink a
beer. She stated that three and a half to four years ago she saw Appellant use drugs. Finally,
Appellant testified that he had not smoked marijuana. At the close of the hearing, the trial court
revoked Appellant's probation and sentenced him to five years of imprisonment. Thereafter, on
January 2, 2001, the trial court signed a judgment in accordance with these pronouncements. 


Revocation of Community Supervision


 In his sole issue, Appellant argues that the evidence presented at the revocation hearing was
insufficient to support the trial court's judgment revoking his community supervision.


Standard of Review 

 Community supervision may be revoked upon a finding that a defendant has violated the
terms of his community supervision. Lee v. State, 952 S.W.2d 894, 897 (Tex. App.- Dallas 1997,
no pet.). The State must demonstrate by a preponderance of the evidence that a defendant violated
the terms of his community supervision. Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App.
1993). Appellate review of a revocation proceeding is limited to a determination of whether the trial
court abused its discretion. Lee, 952 S.W.2d at 897. In a community supervision revocation
proceeding, the trial judge is the sole trier of facts, credibility of witnesses and weight to be given
the testimony. Taylor v. State, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980). A finding of a single
violation of the conditions of community supervision is sufficient to support revocation. Id. at 180;
see also Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); Burke v. State, 930 S.W.2d
230, 232 (Tex. App.- Houston [14th Dist] 1996, pet. ref'd).


Evidence of Drug and Alcohol Use Presented at the Revocation Hearing

 Appellant argues that the report generated by Accu-Chem could not support the trial court's
decision to revoke because it was hearsay. In response, the State argues that Appellant failed to
preserve a hearsay issue for appellate review. We agree. To preserve an issue for appellate review,
the record must show that the objection was made with sufficient specificity to make the trial court
aware of the complaint. Tex. R. App. P. 33.1(a)(1)(A); Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991). Appellant's objection, essentially, was that the report did not show whether 
it was "reviewed." We conclude that such an objection failed to inform the trial court of a complaint
based on hearsay and, therefore, this issue was not preserved for our review. We also conclude that
because the lab report showed that Appellant had tested positive for marijuana, the trial court did not
abuse its discretion in revoking Appellant's community supervision. Taylor, 604 S.W.2d at 180 (a
single violation will support the trial court's order revoking probation). 

 Even if Appellant had preserved the hearsay issue for appellate review, we would conclude
that the evidence was properly admitted. Although Texas Rule of Evidence 802 makes hearsay
statements inadmissible, rule 803 sets forth a number of exceptions. Tex. R. Evid. 803. Rule
803(6), commonly known as the "business records exception," allows the admission of memoranda,
reports, records, or data compilations that are made at or near the time of the events they record and
are made:


. . .


 [B]y, or from information transmitted by, a person with knowledge, if kept in the course of a regularly
conducted business activity, and if it was the regular practice of that business activity to make the
memorandum, report, record, or data compilation. . . .


Tex. R. Evid. 803(6). The necessary predicate for introduction of a "business record" may be shown
either by offering (1) the testimony of a records custodian or other qualified witness, or (2) an
affidavit that complies with rule 902(10). Id. 

 On November 6, 2000, the State filed a Notice of Filing of Records and Affidavit ("notice"),
which consisted of the Accu-Chem lab report and the affidavit of John Tarver, a custodian of records
of Accu-Chem. The notice stated that the records would be offered in evidence as business records
at the trial. When the State offered the lab report into evidence at the revocation hearing, the
prosecutor stated: "Your Honor, we offer State's Exhibit 1 into evidence. It is notice of filing of
records and affidavits and the affidavit. We offer it under 903." (2) Tarver's affidavit is identical to
the affidavit set forth in rule 902(10) and, therefore, it established the necessary predicate for
admission of the lab report as a business record. Accordingly, had Appellant objected on the basis
of hearsay, the trial court would not have erred in admitting this evidence. (3)

 Furthermore, in addition to the lab report, there was other evidence of drug use by Appellant. 
Hall testified that Mouser told him that Appellant had smoked a joint with her son. Although
Mouser denied making such a statement to Hall, the trial court is the sole judge of the credibility of
the witnesses and the weight to be given their testimony. Also, Mouser's wife's testimony indicated
that she saw Appellant use drugs during the period of his community supervision. Finally, although
the evidence of drug use was sufficient to support the trial court's decision to revoke, we also note
that there was sufficient evidence to show that Appellant had violated the terms of his community
supervision by using alcohol. Appellant contends that Gray's testimony was not supported by any
testing result, independent confirmation of the consumption, and was denied by Appellant's "not
true" plea to the allegation. However, we will not interfere in the trial court's assessment of a
witness's credibility and the weight to be given his testimony. Taylor v. State, 604 S.W.2d at 179. 
We also note that it could be inferred from Mouser's testimony that she observed him drinking
alcohol during the period of his community supervision.


Conclusion


 For the foregoing reasons, we conclude that the trial court did not abuse its discretion in
revoking Appellant's community supervision. Appellant's sole issue is overruled. The judgment
of the trial court is affirmed.

Opinion delivered August 15, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.









(
DO NOT PUBLISH)
1. The State's motion also alleged that Appellant violated requirements of his community supervision by
failing to (1) report an arrest to his probation officer within 48 hours, (2) support his dependents, and (3) pay a
probation supervision fee, court costs, a fine and attorney's fees. Due to our conclusion, as explained below, that the
evidence was sufficient to show that Appellant had used illegal drugs and alcohol during the period of his community
supervision, we need not address these allegations.
2. Presumably, the prosecutor meant rule 902(10). 
3. In his brief, Appellant makes reference to the admissibility of the report under rule 803(8), the "public
record exception," and cites Willis v. State, 2 S.W.3d 397 (Tex. App.-Austin 1999, no pet.) and Cole v. State, 839
S.W.2d 798 (Tex. Crim. App. 1990). As the State points out, those cases involved documents prepared by law
enforcement personnel in view of future litigation. Willis and Cole stand for the proposition that such documents
may not be admitted either under rule 803(8) or rule 803(6). However, those cases are distinguishable from the
instant case, as Appellant has failed to show and does not argue on appeal that Accu-Chem's employees are law
enforcement personnel. Nor does he argue that the lab report was generated in view of future litigation. Therefore,
if the State had offered the lab report under rule 803(8), the holdings of Willis and Cole would not have rendered the 


Footnote continued.

report inadmissible.