# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00170-CR

**Ivery Jefferson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF YOUNG COUNTY, 90TH JUDICIAL DISTRICT
### NO. 6888, HONORABLE STEPHEN O=NEAL CRAWFORD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Ivery Jefferson appeals from the order revoking his community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, ' 21 (West Supp. 2003). The State=s motion to revoke alleged several grounds on which appellant violated the terms and conditions of probation: (1) committing the offense of tampering with a governmental record; (2) failing to report to the Community Supervision Department on numerous report dates; (3) failing to pay court costs, all of the fine, probation fees, and restitution. We will affirm the district court=s order.

The State=s burden of proof in a revocation hearing is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.CAustin 1999, no pet.). Proof of any one of the alleged violations is sufficient to support the order revoking probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). An appellate court views the evidence in a revocation proceeding in the light most favorable to the trial court=s ruling. *Garrett*

*v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Willis*, 2 S.W.3d at 399. The only question in an appeal from an order revoking probation is whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Willis*, 2 S.W.3d at 399.

In support of the State=s allegation that appellant failed to report, Terry Hawkins, appellant=s community supervision officer, testified that appellant failed to report on nine report dates. Hawkins said he asked appellant if Ahe had a legitimate excuse which we accept, hospital or being incarcerated, and we would have given him credit for those months.@ At the hearing appellant argued that he could not report because of injuries from an accident. He offered no evidence of any particular medical problem preventing him from reporting for the specific report dates he missed. The evidence showed that appellant operated several businesses, regularly drove a motor vehicle, and otherwise engaged in normal activities. The State established this ground by a preponderance of the evidence. Accordingly, the trial court did not abuse its discretion in revoking appellant=s probation. We affirm the district-court order.

Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: January 30, 2003

Do Not Publish