# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00045-CR
## NO. 03-02-00046-CR

**Arnold Lamotte, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NOS. 000404 & 950383, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Arnold Lamotte appeals from the revocation of his community supervision probation in two different causes. He contends that the State failed to show that he was in fact the person who was placed on probation and that the evidence was insufficient to support the revocation of his probation. We will affirm the revocation orders.

## BACKGROUND

On February 24, 1997, appellant pled guilty in trial court cause number 950383 to theft by check and was placed on deferred adjudication probation. On November 9, 2000, the court revoked that probation, adjudicated appellant guilty, sentenced him to eight years in prison, but suspended incarceration and placed him on standard community service probation. On March 30, 2001, the State moved to revoke the probation, alleging that appellant failed to report to his probation officer after being released from jail.

On November 6, 2000, appellant pled guilty in trial court cause number 000404 to causing bodily injury to a family member, enhanced by a prior conviction for assault with family violence. The court imposed sentence of five years in prison, but suspended incarceration and placed him on probation. On April 2, 2001, the State moved to revoke the probation, alleging that appellant failed to report to his probation officer, failed to pay restitution, and failed to pay attorney=s fees. Appellant pled not true to the allegations in both cases.

The court held several hearings on these cases. Appellant=s probation officer testified that she never met appellant because she did not attend the hearings at which probation was imposed and he never came to her office, responded to her inquiries, or otherwise communicated with her. Jorge Sanchez, an attorney, identified appellant as the man he represented in 2000 when the standard probation was imposed in both cases; Sanchez testified that he did not represent appellant when the court deferred adjudication in February 1997. Sanchez testified that, although he went over the terms of probation with appellant, he did not personally give appellant a copy of the document entitled AConditions of Community Supervision@ (the Aterms document@). Sanchez also said that he saw appellant sign documents related to probation, but did not see what name he signed. Travis County Deputy Sheriff David Hughes testified that

2

he took fingerprints from appellant shortly before the revocation hearing.[1]  Hughes testified that the thumb print he had just taken matched a thumb print on the terms document in cause number 000404.  The thumb print on the terms document appears directly below a signature and a statement acknowledging receipt of a copy of the terms document; appellant notes that the signature on the line between the acknowledgment and the thumb print is ACapt. Ryan Lamotte@ and not Arnold Lamotte.  The signature on the terms document in cause number 95-0383 is also ACapt. Ryan Lamotte,@ but the fingerprint space on the signed page is blank.  There is a fingerprint on pages attached to the judgment in cause number 95-0383, but Hughes testified that he could not determine whether those prints matched any of the prints taken before the final revocation hearing because the prints with the judgment were partial fingerprints from an unknown part of an unknown finger.  Hughes did not affirmatively testify that the prints failed to match, but could not determine whether they matched.

Appellant introduced an affidavit and testimony from Eduardo Perez.  In the affidavit, Perez asserts that appellant has a twin brother named Captain Ryan Lamotte who was Perez=s neighbor and was in the Austin area in 1999-2000.  Perez avers that the State is improperly charging appellant for his brother=s wrongdoing.  Perez said that Lamotte prepared the statement for him while they were both in county jail.  Perez said he signed the statement without reading it.  He testified that his neighbor looked like appellant, although appellant is taller.

---

[1]  Hughes testified that appellant resisted the attempt to take his finger prints by clenching his fists, pulling his hands away, and trying to smudge the prints taken.

The Court found the State=s allegations true, revoked appellant=s probation terms, and assessed the sentences originally imposed.

**DISCUSSION**

Appellant concedes that he did not comply with the terms of probation in either case. He contends, however, that the State did not prove he was the person placed on probation in either case. He also argues that he did not receive notice of the terms of probation on the theft conviction.

In a revocation hearing, the State must prove by a preponderance of the evidence the identity of the probationer and that the probationer violated the terms of his probation. *Moreno v. State*, 22 S.W.3d 482, 488 (Tex. Crim. App. 1999); *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.CAustin 1999, no pet.). The State=s burden of proof is satisfied if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his probation as alleged by the State. *Scamardo v. State*, 517 S.W.2d 293, 297-98 (Tex. Crim. App. 1974); *Ortega v. State*, 860 S.W.2d 561, 564 (Tex. App.CAustin 1993, no pet.). A trial court=s decision to revoke probation is reviewed for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Willis*, 2 S.W.3d at 398-99; *Ortega*, 860 S.W.2d at 564. A trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992); *Willis*, 2 S.W.3d at 399. We view the evidence presented in a revocation proceeding in the light most favorable to the trial court=s ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Willis*, 2 S.W.3d at 399; *Ortega*, 860 S.W.2d at 564. As the trier of fact, it is left to the trial court to

judge the credibility of witnesses and the weight to be given their testimony. *Garrett*, 619 S.W.2d at 174; *Ortega*, 860 S.W.2d at 564.

**Assault with family violence**, appellate cause 03-02-00045-CR, district cause 000404

Appellant contends in this cause that the State failed to give him a copy of the conditions and terms of his probation. He also contends that the evidence was insufficient to support the decision to revoke his probation. His arguments center on his contention that he was not the person placed on probation.

Appellant did not preserve his complaint that he did not receive a copy of the terms document because he did not raise this complaint at the revocation hearings. *See Bush v. State*, 506 S.W.2d 603, 605 n.1 (Tex. Crim. App. 1974). Although appellant contends that he was not at the hearings, and so by implication could not have raised the error, as discussed next, the evidence supports the conclusion that he attended the hearings.

Even if the complaint were preserved, the evidence supports a finding that he received a copy of the terms document. Fingerprint evidence supports the conclusion that appellant received a copy. Hughes testified that the thumb print he took from appellant just before the revocation hearing matched a thumb print on the document outlining the probation terms. The print on the terms document appears directly below an acknowledgment of receipt of a copy of the terms document. Although the signature on the line between the acknowledgment and the thumb print is ACapt. Ryan Lamotte@ and not Arnold Lamotte, the match of the thumb prints overcomes any discrepancy in the name on the signature line. The evidence thus supports the conclusion that he received a copy of the terms document.

5

The same evidence also supports the conclusion that appellant is the person placed on probation. That conclusion is further supported by Sanchez=s testimony that he recognized appellant as the man he represented for several months and met several times. This testimony, plus the fingerprint evidence, overcomes Perez=s testimony that the wrong twin brother was being imprisoned.

The evidence that appellant never appeared at the probation office is undisputed.

We conclude that the evidence supports the conclusions that appellant was the man placed on probation, that he received a copy of the terms and conditions of his probation, and that he violated those terms and conditions by failing to report to his probation officer.

**Theft by check offense**, appellate cause 03-02-00046-CR, trial cause 950383

Appellant contends in this cause that he was not the person placed on probation. He also contends that the district court erred by requiring the State to prove his identity by only a preponderance of the evidence rather than requiring proof beyond a reasonable doubt.

We begin by considering the correct standard of proof. Appellant argues that due process requires that, when a person challenges whether he is the person placed on probation, he not be deprived of his freedom without proof beyond a reasonable doubtCthe standard of proof for a conviction. Revocation of standard probation, however, is not a conviction. *See Moreno*, 22 S.W.3d at 488. Instead, it is the removal of the suspension of a sentence imposed after a convictionCa suspension contingent on a defendant=s compliance with certain conditions. *See* Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp. 2003). In a probation revocation hearing, the State must show by a preponderance of the evidence that a defendant has violated such conditions. *See Moreno*, 22 S.W.3d at 488; *Scamardo*, 517 S.W.2d at 297.

6

Identity is one of the elements. *See Cobb v. State*, 851 S.W.2d at 873. The court of criminal appeals has not set identity apart from the other elements and required a higher standard of proof; the clear implication is that identity must be proved by a preponderance like any other element. *See Rice v. State*, 801 S.W.2d 16, 17 (Tex. App.CFort Worth 1990, pet. ref=d). We conclude that the correct standard of proof for identity is preponderance of the evidence.

Appellant complains that the State failed to prove he was the person placed on probation; this contention involves both his deferred adjudication probation and his standard probation. His arguments are either untimely or meritless. A defendant placed on either type of probation may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when probation is originally imposed; he may not wait until the revocation hearing. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (deferred adjudication); *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990) (standard). Appellant cannot now challenge whether the State proved his identity when adjudication was deferred; not only is such a contention untimely, that probation order was revoked and is not before this Court. Similarly, he cannot now challenge the finding implicit in the imposition of standard probation that he was the person who committed the offense and whose adjudication had been deferred. The only identity question properly at issue is whether he is the person who was placed on standard probation.

The testimony regarding identity in this case was similar to that concerning the family violence case, with the notable exception of the fingerprint expert. Hughes testified that he was unable to determine whether the print on the judgment imposing probation matched appellant=s prints taken the morning of the hearing because the print on the judgment was a partial fingerprint from an unknown part of

7

an unknown finger.  (There was no print on the document explaining the terms of probation.)  Hughes did not affirmatively find that the prints failed to match, but could not decide whether they matched.

Despite the inconclusive fingerprint evidence, we conclude that Sanchez=s testimony identifying appellant as his former client sufficiently proves that appellant was the person placed on probation.

Appellant also contends that the evidence is insufficient to show that he received notice of the terms of probation.  As set out above, appellant waived this issue by not raising it at the revocation hearing.  *Bush*, 506 S.W.2d at 605 n.1.  And, although the signed declaration that appellant received a copy lacks a thumb print under the signature to compare to appellant=s print, we conclude that the signature, the evidence that appellant was the person who signed ACapt. Ryan Lamotte,@ and other evidence preponderates in favor of the finding that appellant received a copy of the terms document.

## CONCLUSION

We affirm the revocation orders.

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   March 13, 2003

Do Not Publish

8