TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00045-CR

NO. 03-02-00046-CR






Arnold Lamotte, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NOS. 000404 & 950383, HONORABLE BOB PERKINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Arnold Lamotte appeals from the revocation of his community supervision probation
in two different causes. He contends that the State failed to show that he was in fact the person who
was placed on probation and that the evidence was insufficient to support the revocation of his
probation. We will affirm the revocation orders.


BACKGROUND

 On February 24, 1997, appellant pled guilty in trial court cause number 950383 to
theft by check and was placed on deferred adjudication probation. On November 9, 2000, the court
revoked that probation, adjudicated appellant guilty, sentenced him to eight years in prison, but
suspended incarceration and placed him on standard community service probation. On March 30,
2001, the State moved to revoke the probation, alleging that appellant failed to report to his
probation officer after being released from jail.

 On November 6, 2000, appellant pled guilty in trial court cause number 000404 to
causing bodily injury to a family member, enhanced by a prior conviction for assault with family
violence. The court imposed sentence of five years in prison, but suspended incarceration and placed
him on probation. On April 2, 2001, the State moved to revoke the probation, alleging that appellant
failed to report to his probation officer, failed to pay restitution, and failed to pay attorney's fees.
Appellant pled not true to the allegations in both cases. 

 The court held several hearings on these cases. Appellant's probation officer testified
that she never met appellant because she did not attend the hearings at which probation was imposed
and he never came to her office, responded to her inquiries, or otherwise communicated with her. 
Jorge Sanchez, an attorney, identified appellant as the man he represented in 2000 when the standard
probation was imposed in both cases; Sanchez testified that he did not represent appellant when the
court deferred adjudication in February 1997. Sanchez testified that, although he went over the terms
of probation with appellant, he did not personally give appellant a copy of the document entitled
"Conditions of Community Supervision" (the "terms document"). Sanchez also said that he saw
appellant sign documents related to probation, but did not see what name he signed. Travis County
Deputy Sheriff David Hughes testified that he took fingerprints from appellant shortly before the
revocation hearing. (1) Hughes testified that the thumb print he had just taken matched a thumb print
on the terms document in cause number 000404. The thumb print on the terms document appears
directly below a signature and a statement acknowledging receipt of a copy of the terms document;
appellant notes that the signature on the line between the acknowledgment and the thumb print is
"Capt. Ryan Lamotte" and not Arnold Lamotte. The signature on the terms document in cause
number 95-0383 is also "Capt. Ryan Lamotte," but the fingerprint space on the signed page is blank. 
There is a fingerprint on pages attached to the judgment in cause number 95-0383, but Hughes
testified that he could not determine whether those prints matched any of the prints taken before the
final revocation hearing because the prints with the judgment were partial fingerprints from an
unknown part of an unknown finger. Hughes did not affirmatively testify that the prints failed to
match, but could not determine whether they matched. 

 Appellant introduced an affidavit and testimony from Eduardo Perez. In the affidavit,
Perez asserts that appellant has a twin brother named Captain Ryan Lamotte who was Perez's
neighbor and was in the Austin area in 1999-2000. Perez avers that the State is improperly charging
appellant for his brother's wrongdoing. Perez said that Lamotte prepared the statement for him while
they were both in county jail. Perez said he signed the statement without reading it. He testified that
his neighbor looked like appellant, although appellant is taller.

 The Court found the State's allegations true, revoked appellant's probation terms, and
assessed the sentences originally imposed.

DISCUSSION


 Appellant concedes that he did not comply with the terms of probation in either case. 
He contends, however, that the State did not prove he was the person placed on probation in either
case. He also argues that he did not receive notice of the terms of probation on the theft conviction. 

 In a revocation hearing, the State must prove by a preponderance of the evidence the
identity of the probationer and that the probationer violated the terms of his probation. Moreno v.
State, 22 S.W.3d 482, 488 (Tex. Crim. App. 1999); Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993); Willis v. State, 2 S.W.3d 397, 399 (Tex. App.--Austin 1999, no pet.). The State's
burden of proof is satisfied if the greater weight of credible evidence creates a reasonable belief that
the defendant violated a condition of his probation as alleged by the State. Scamardo v. State, 517
S.W.2d 293, 297-98 (Tex. Crim. App. 1974); Ortega v. State, 860 S.W.2d 561, 564 (Tex.
App.--Austin 1993, no pet.). A trial court's decision to revoke probation is reviewed for an abuse
of discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Willis, 2 S.W.3d at
398-99; Ortega, 860 S.W.2d at 564. A trial court abuses its discretion if the decision is so clearly
wrong as to lie outside the zone within which reasonable persons might disagree. Cantu v. State, 842
S.W.2d 667, 682 (Tex. Crim. App. 1992); Willis, 2 S.W.3d at 399. We view the evidence presented
in a revocation proceeding in the light most favorable to the trial court's ruling. Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981); Willis, 2 S.W.3d at 399; Ortega, 860 S.W.2d at 564. As
the trier of fact, it is left to the trial court to judge the credibility of witnesses and the weight to be
given their testimony. Garrett, 619 S.W.2d at 174; Ortega, 860 S.W.2d at 564.


Assault with family violence, appellate cause 03-02-00045-CR, district cause 000404

 Appellant contends in this cause that the State failed to give him a copy of the
conditions and terms of his probation. He also contends that the evidence was insufficient to support
the decision to revoke his probation. His arguments center on his contention that he was not the
person placed on probation.

 Appellant did not preserve his complaint that he did not receive a copy of the terms
document because he did not raise this complaint at the revocation hearings. See Bush v. State, 506
S.W.2d 603, 605 n.1 (Tex. Crim. App. 1974). Although appellant contends that he was not at the
hearings, and so by implication could not have raised the error, as discussed next, the evidence
supports the conclusion that he attended the hearings.

 Even if the complaint were preserved, the evidence supports a finding that he received
a copy of the terms document. Fingerprint evidence supports the conclusion that appellant received
a copy. Hughes testified that the thumb print he took from appellant just before the revocation
hearing matched a thumb print on the document outlining the probation terms. The print on the
terms document appears directly below an acknowledgment of receipt of a copy of the terms
document. Although the signature on the line between the acknowledgment and the thumb print is
"Capt. Ryan Lamotte" and not Arnold Lamotte, the match of the thumb prints overcomes any
discrepancy in the name on the signature line. The evidence thus supports the conclusion that he
received a copy of the terms document.

 The same evidence also supports the conclusion that appellant is the person placed
on probation. That conclusion is further supported by Sanchez's testimony that he recognized
appellant as the man he represented for several months and met several times. This testimony, plus
the fingerprint evidence, overcomes Perez's testimony that the wrong twin brother was being
imprisoned.

 The evidence that appellant never appeared at the probation office is undisputed.

 We conclude that the evidence supports the conclusions that appellant was the man
placed on probation, that he received a copy of the terms and conditions of his probation, and that
he violated those terms and conditions by failing to report to his probation officer.


Theft by check offense, appellate cause 03-02-00046-CR, trial cause 950383

 Appellant contends in this cause that he was not the person placed on probation. He
also contends that the district court erred by requiring the State to prove his identity by only a
preponderance of the evidence rather than requiring proof beyond a reasonable doubt.

 We begin by considering the correct standard of proof. Appellant argues that due
process requires that, when a person challenges whether he is the person placed on probation, he not
be deprived of his freedom without proof beyond a reasonable doubt--the standard of proof for a
conviction. Revocation of standard probation, however, is not a conviction. See Moreno, 22 S.W.3d
at 488. Instead, it is the removal of the suspension of a sentence imposed after a conviction--a
suspension contingent on a defendant's compliance with certain conditions. See Tex. Code Crim.
Proc. Ann. art. 42.12 (West Supp. 2003). In a probation revocation hearing, the State must show by
a preponderance of the evidence that a defendant has violated such conditions. See Moreno, 22
S.W.3d at 488; Scamardo, 517 S.W.2d at 297. Identity is one of the elements. See Cobb v. State,
851 S.W.2d at 873. The court of criminal appeals has not set identity apart from the other elements
and required a higher standard of proof; the clear implication is that identity must be proved by a
preponderance like any other element. See Rice v. State, 801 S.W.2d 16, 17 (Tex. App.--Fort Worth
1990, pet. ref'd). We conclude that the correct standard of proof for identity is preponderance of the
evidence.

 Appellant complains that the State failed to prove he was the person placed on
probation; this contention involves both his deferred adjudication probation and his standard
probation. His arguments are either untimely or meritless. A defendant placed on either type of
probation may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals
taken when probation is originally imposed; he may not wait until the revocation hearing. Manuel
v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (deferred adjudication); Whetstone v.
State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990) (standard). Appellant cannot now challenge
whether the State proved his identity when adjudication was deferred; not only is such a contention
untimely, that probation order was revoked and is not before this Court. Similarly, he cannot now
challenge the finding implicit in the imposition of standard probation that he was the person who
committed the offense and whose adjudication had been deferred. The only identity question
properly at issue is whether he is the person who was placed on standard probation. 

 The testimony regarding identity in this case was similar to that concerning the family
violence case, with the notable exception of the fingerprint expert. Hughes testified that he was
unable to determine whether the print on the judgment imposing probation matched appellant's
prints taken the morning of the hearing because the print on the judgment was a partial fingerprint
from an unknown part of an unknown finger. (There was no print on the document explaining the
terms of probation.) Hughes did not affirmatively find that the prints failed to match, but could not
decide whether they matched.

 Despite the inconclusive fingerprint evidence, we conclude that Sanchez's testimony
identifying appellant as his former client sufficiently proves that appellant was the person placed on
probation.

 Appellant also contends that the evidence is insufficient to show that he received
notice of the terms of probation. As set out above, appellant waived this issue by not raising it at the
revocation hearing. Bush, 506 S.W.2d at 605 n.1. And, although the signed declaration that
appellant received a copy lacks a thumb print under the signature to compare to appellant's print, we
conclude that the signature, the evidence that appellant was the person who signed "Capt. Ryan
Lamotte," and other evidence preponderates in favor of the finding that appellant received a copy
of the terms document.


CONCLUSION


 We affirm the revocation orders.


 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: March 13, 2003

Do Not Publish
1. Hughes testified that appellant resisted the attempt to take his finger prints by clenching
his fists, pulling his hands away, and trying to smudge the prints taken.