# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00017-CR

**Amos Jefferson Kennemer, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 9073, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Amos Jefferson Kennemer pleaded guilty to felony driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(b) (West Supp. 2006). The district court placed Kennemer on probation for eight years. The State moved to revoke his probation. The district court found that Kennemer had violated three probation conditions and thus revoked his probation. In three issues on appeal, Kennemer contests the sufficiency of the evidence to support revocation. We will affirm.

### BACKGROUND

On August 28, 2000, Kennemer was indicted for driving while intoxicated. Because Kennemer had been convicted of three prior offenses relating to the operation of a motor vehicle while intoxicated, the offense was classified as a third-degree felony. *See* Tex. Penal Code Ann.

§ 49.09(b). Kennemer pleaded guilty, and the district court assessed a ten-year sentence and placed Kennemer on probation for eight years. The district court imposed twenty-five conditions of probation, including conditions that Kennemer (1) report as directed to his probation officer, (2) participate and work, without compensation, ten hours per month in a community service program or task as directed by his probation officer for a total of 600 hours, and (3) install an ignition interlock device on any vehicle that he may operate for a term of four years.[1]

On March 4, 2005, the State filed its "Second Amended Motion to Revoke Probation," alleging that Kennemer had violated these three conditions. Specifically, the State alleged that

> The defendant failed to report to community supervision officers as directed on the months of September 2004 and February 2005.
>
> The defendant failed to participate and work, without compensation, ten hours per month in a community service program or task as follows:
>
> April 2001 - June 2004
>
> The defendant failed to install an ignition interlock device on a 2001 Dodge Ram pickup.
>
> The defendant failed to install an ignition interlock device on a 1993 GMC Suburban.
>
> On June 11, 2004, the defendant was operating a 1993 GMC Suburban without an ignition interlock device.

---

[1] An ignition interlock device is an in-car alcohol breath screening device that prevents a vehicle from starting if it detects a blood alcohol concentration (BAC) over a pre-set limit. The device is located inside the vehicle, near the driver's seat, and is connected to the engine's ignition system.

The district court held a revocation hearing on April 4, 2005. The State called several witnesses, including probation officer Terry Kennedy, transfer caseworker Karlette Hey, and probation officer Jill Melnick. Kennemer testified in his own defense.

Terry Kennedy was the intake officer for Kennemer. Kennedy testified that he had read and explained all the probation conditions to Kennemer, including those that he allegedly violated. Kennedy testified that he had no doubt that Kennemer "understood all terms and conditions" of his probation.

Karlette Hey was a transfer caseworker in Burnet County, meaning that she handled paperwork in cases where the defendant was placed on probation in Burnet County but resided in a different county for supervision. Although Kennemer was to be supervised in Burnet County for this case, he was on probation in more than one county. Hey was involved with processing his transfer paperwork. Hey testified that she talked to Kennemer over the phone about a traffic accident in which he was involved. Hey recounted that Kennemer told her that the accident occurred in June 2004 and that he admitted that he had been driving a 1993 Suburban without an ignition interlock. Kennemer claimed that, at the time of the accident, he was no longer required to use an ignition interlock device. However, according to the probation order, Kennemer was supposed to have an ignition interlock device on any vehicle he drove until February 2005, four years after the date he was placed on probation. The district court took judicial notice of the order's four-year requirement. Hey also explained that while Kennemer was supposed to report to the probation office all of the vehicles he owned or drove, Kennemer never listed the Suburban.

Hey also received a report from Kennemer's ex-wife that, during his visitation weekends with their children, Kennemer was picking up the children in a 2001 Dodge Ram pickup truck that was not equipped with an ignition interlock device. Hey further testified that as early as October 2003, she had been receiving reports from the interlock company regarding the low number of engine starts, an indication that he was driving another vehicle.

Jill Melnick was assigned Kennemer's case on March 22, 2004. Melnick testified that Kennemer failed to report to her twice, on September 29, 2004, and February 9, 2005. Melnick further testified that in August 2004 she stopped by Kennemer's house to check on the pickup truck that he was allegedly driving. She looked inside the truck and determined that there was no ignition interlock device installed. When Melnick confronted Kennemer about this, he admitted driving the truck but, again, claimed that he was no longer required to use the device.

Kennemer testified that the reason he was confused about the length of time that he was required to use the interlock device was because he believed that the four-year requirement ran from the date the device was first installed in his vehicle, June 2000, rather than the date his probation began, February 2001.

Kennemer admitted that, in September 2004 and February 2005, he did not report in person[2] to his probation officer as directed but explained that he missed the September meeting because his children were sick and missed the February meeting because he was in court. In closing argument, Kennemer "pleaded true" to removing the interlock device before he should have.

---

[2] Kennemer asserted that he attempted to report to his probation officer in an email, but there was no other evidence to support this assertion.

4

The district court found the allegations in the State's motion to revoke to be true, revoked Kennemer's probation, and assessed punishment at three years' confinement. This appeal followed.

**DISCUSSION**

In three issues on appeal, Kennemer asserts that there is legally insufficient evidence to support the district court's findings that he violated each of the three probation conditions discussed above.

We review the district court's decision to revoke probation for abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). The trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). We view the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *See Garrett*, 619 S.W.2d at 174; *Mauney*, 107 S.W.3d at 695.

In probation revocation proceedings, the State has the burden of proving a violation of the terms of probation by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.—Austin 1999, no pet.). The State satisfies this standard "when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged." *Jenkins v. State*, 740

S.W.2d 435, 437 (Tex. Crim. App. 1983).  A finding of a single violation of the terms of probation is sufficient to support the court's revocation order.  *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).  Thus, if the district court did not abuse its discretion in finding that Kennemer violated at least one condition of his probation, we need not consider the other probation conditions. With that principle in mind, we consider whether sufficient evidence supports the district court's finding that Kennemer violated his probation by failing to comply with the condition related to the ignition interlock device.

The condition of probation related to the interlock device required Kennemer to "[i]nstall an ignition interlock device on any vehicle that [he] may operate for a term of four years and pay costs of same."  It is clear from the record that Kennemer did not do so.  Probation was granted on February 2, 2001.  Officer Kennedy testified that the four-year term began the day Kennemer was placed on probation.  This means that the term did not end until February 2005. Kennemer admitted to driving without an interlock device since at least June 2004, and there is some evidence in the record that he may have been driving without a device before then.  Although Kennemer asserted that he was mistaken about the date on which the term began, his claim was refuted by Kennedy's testimony that Kennemer "understood all terms and conditions" of probation when they were explained to him.

Furthermore, in closing argument Kennemer pleaded true to violating this probation condition.  A plea of true, standing alone, is sufficient to support the revocation of probation.  *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd).

6

Viewed in the light most favorable to the district court's ruling, this evidence is sufficient to support a finding that Kennemer violated the condition of his probation requiring him to install an ignition interlock device on any vehicle he operated. Therefore, we need not determine whether there is sufficient evidence to show that he violated the other two conditions. *See Sanchez*, 603 S.W.2d at 871. We overrule Kennemer's issues on appeal.

## CONCLUSION

Having overruled Kennemer's issues on appeal, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: February 1, 2007

Do not publish

7