# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00664-CR

**Sergio Sierra, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
### NO. 9030515, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court granted the State's motion to revoke Sergio Sierra's community supervision, adjudicated him guilty of the offense of securing execution of a document by deception, and sentenced him to five years' imprisonment. In his sole point of error, Sierra asserts that the district court abused its discretion in revoking his community supervision. We will affirm the district court's judgment.

## BACKGROUND

At the time of the alleged offense, Sierra was a licensed attorney in the State of Texas. In November 2003, Sierra was indicted for aggravated securing execution of a document by deception, first-degree felony; aggravated securing execution of a document by deception, third-degree felony; aggravated theft, first-degree felony; and two counts of aggravated theft, third-degree felony. The indictment alleged, in relevant part, that Sierra induced the victims to transfer funds to

him by misrepresenting that he had obtained a favorable court judgment that "presented an excellent opportunity . . . to make a substantial return on [their] investment," when, in fact, Sierra had no involvement in obtaining the judgment.

In December 2005, Sierra pled guilty to the first-degree aggravated securing execution of a document by deception count, and the State waived the remaining charges. The district court placed Sierra on deferred adjudication community supervision for five years. The conditions of Sierra's community supervision included restitution in the amount of $275,000, with monthly payments of $6,000 until the total was paid.

On April 25, 2007, the State filed its first motion to proceed with an adjudication of guilt. The State alleged that Sierra violated the terms and conditions of his deferred adjudication by, among other things, failing to pay restitution. At the hearing on the motion to proceed with adjudication, Sierra agreed to plead true to the allegation that he failed to pay restitution in exchange for the district court agreeing to "hold off" on its ruling until after a subsequent hearing scheduled for January 31, 2008. Although there is no record of a January 31 hearing before us, on February 4, 2008, the district court ordered that Sierra's community supervision be continued and not revoked. However, because Sierra had been delinquent in his restitution payments, the total amount of restitution owed had increased. Thus, the district court modified that condition of his community supervision and ordered that he pay restitution in the amount of $243,265.39, with monthly payments of $7,610.00 beginning in March 2008.

On June 3, 2008, the State filed another motion to proceed with an adjudication of guilt. In this motion, the State alleged that Sierra:

2

- Failed to pay Community Supervision Fees and is delinquent $345.00;

- Failed to pay Court Costs and is delinquent $45.00;

- Failed to pay Restitution and is delinquent $22,830.00;

- Failed to pay Crime Stoppers and is delinquent $29.29; and

- Failed to complete 300 Hours of Community Service Restitution.

At the hearing on this motion to adjudicate, Sierra pleaded not true to the State's allegations. The district court then proceeded to hear evidence from both the State and Sierra.[1] At the conclusion of the hearing, the district court found all of the State's allegations true and granted the motion to adjudicate guilt. The district court then sentenced Sierra to five years' imprisonment. This appeal followed.

## STANDARD AND SCOPE OF REVIEW

We review a trial court's decision to revoke probation for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

---

[1] The hearing took place on October 7 and October 20, 2008. The State presented its evidence on October 7. After the State rested its case, defense counsel requested "some time to get my witnesses here." The district court granted the request, and the hearing was continued on October 20. The only witness to testify for the defense was Sierra.

In probation revocation proceedings, the State has the burden of proving a violation of the terms of probation by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763-64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Willis v. State*, 2 S.W.3d 397, 399 (Tex. App.—Austin 1999, no pet.). The State satisfies this standard when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged. *Rickels*, 202 S.W.3d at 764; *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 493-94; *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd).

The trial court is the judge of the credibility of the witnesses and the weight to be given their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). We view the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *See Garrett*, 619 S.W.2d at 174; *Mauney*, 107 S.W.3d at 695. When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

## ANALYSIS

One of the State's allegations was that Sierra failed to pay restitution as he had been ordered. At the hearing, the State presented evidence to support this allegation. Angel Noble, one of the probation officers assigned to Sierra's case, testified that, since June 2008, Sierra had

4

been delinquent on paying restitution in the amount of $22,830. The total amount of restitution on which Sierra had been delinquent, according to Noble, was $60,880. Janie Ruiz, Sierra's primary probation officer, similarly testified that Sierra was behind "about $61,000" on restitution. At the hearing, Sierra did not dispute that he was delinquent. Instead, he presented evidence tending to show that he was unable to pay restitution, or any of the other court-ordered payments that he had failed to make, because of various financial difficulties he has experienced since his license to practice law was suspended following his guilty plea.

On appeal, Sierra again does not dispute that he failed to pay restitution. Rather, he argues that his inability to pay was an affirmative defense to the State's allegations of nonpayment. According to Sierra, the State failed to refute this evidence, and, therefore, the district court abused its discretion by revoking his community supervision on that basis. As support for his position, Sierra appears to rely on the version of section 21(c) of the community supervision statute in effect prior to September 1, 2007. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 21 (West Supp. 2008). Prior to September 1, 2007, section 21(c) provided:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, court costs, restitution, or reparations, the inability of the defendant to pay as ordered by the judge is an affirmative defense to revocation, which the defendant must prove by a preponderance of evidence.

*See* Act of May 26, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 21(c), 1993 Tex. Gen. Laws 3586, 3740 (amended 2007) (current version at Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (West Supp.

5

2008)).  As the State points out, however, the legislature amended section 21(c) in 2007 to provide, in relevant part:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c).  The amendment applies to community supervision revocation hearings "held on or after the effective date of this Act," which was September 1, 2007.  *See* Act of June 15, 2007, 80th Leg., R.S., ch. 604, § 2, 2007 Tex. Gen. Laws 1160.  Because Sierra's revocation hearing was held in October 2008, the current law applies.

Under the current statute, the inability to pay is no longer an affirmative defense to nonpayment.  Instead, the State is now required to prove that the defendant "was able to pay and did not pay." *See id.*; *see also McClain v. State*, No. 04-07-00861-CR, 2008 Tex. App. LEXIS 7036, at *5-9 (Tex. App.—San Antonio Sept. 24, 2008, no pet.) (not designated for publication) (applying current statute to State's allegations of nonpayment of court costs).  This change thus aids Sierra with respect to the types of court-ordered payments covered by the statute.  However, the 2007 amendments also removed restitution from the class of payments covered by the statute.  Consequently, Sierra's ability or inability to pay, while still relevant to the State's allegations of nonpayment of community supervision fees and court costs, is immaterial to the State's allegation regarding restitution.

On this record, viewing the evidence in the light most favorable to the district court's ruling, we conclude that the State satisfied its burden to prove by a preponderance of the evidence that Sierra failed to pay restitution as ordered. As this ground is sufficient to support the district court's order revoking Sierra's community supervision, we need not address the State's other allegations.

We overrule Sierra's sole point of error.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: August 26, 2009

Do Not Publish

7